David Harford, California Bar No. 270696
*david.harford@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 223-7000
Facsimile: (949) 223-7100

Attorneys for Defendant
FIRST WESTERN TRUST BANK

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES REED and CAROLYNN REED, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

RELIANT LIFE SHARES, LLC. a California limited liability company; RLS FINANCIAL SERVICES, INC., a California corporation; RELIANT LIFE SHARES SERIES TRUST, aka RLS Trust, a trust; RMS TRUST, a trust; SEAN MICHAELS, an individual; SCOTT GRADY, an individual; WILMINGTON SAVINGS FUND SOCIETY, a federal savings bank doing business as CHRISTIANA TRUST; UMB BANK, N.A., a federally chartered bank; BOU BANCORP, INC. doing business as BANK OF UTAH; FIRST WESTERN TRUST BANK, a Colorado Corporation; and DOES 1¬20

Defendants.

Case No. 2:23-cv-08577

**DEFENDANT FIRST WESTERN TRUST BANK'S NOTICE OF REMOVAL**

**[CAFA JURISDICTION]**

Complaint filed: August 17, 2023

Pursuant to the Class Action Fairness Act ("CAFA"), Defendant First Western Trust Bank ("FWTB") hereby removes this action, captioned *Reed, et al. v. Reliant Life Shares, LLC, et al.*, Case No. 23STCV19709, from the State Superior Court, County of Los Angeles, California to the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 1332(d); 28 U.S.C. § 1453.

## FACTUAL BACKGROUND[1]

1. On August 17, 2023, Plaintiffs James and Carolynn Reed filed a Class Action Complaint, and Jury Demand ("Complaint") against numerous defendants, including FWTB, in the State Superior Court, County of Los Angeles, California (the "State Court Action").

2. On September 11, 2013, Plaintiffs served FWTB with the following documents: (a) Summons; (b) Class Action Complaint; (c) Alternative Dispute Resolution (ADR) packet; (d) Civil Case Cover Sheet; (e) Civil Case Cover Sheet Addendum and Statement of Location; (f) Notice of Case Assignment; (g) First Amended General Order; (h) Notice of Related Case; (i) Voluntary Efficient Litigation Stipulation/ADR Information Packet; (j) Order Pursuant to CCP 1054(a), Extending Time to Respond by 30 Days When Parties Agree to Early Organizational Meeting Stipulation; and (k) on October 6, 2023, Plaintiffs served on FWTB's agent for service of process, Timothy Morphy, Notice of Minute Order Re: Initial Status Conference Order and Deadlines.

3. A true and correct copy of the Summons is attached hereto as "**Exhibit 1**." A true and correct copy of the Class Action Complaint is attached hereto as "**Exhibit 2**." A true and correct copy of the documents identified above as (c)-(k) are attached hereto as "**Exhibit 3**."

4. There are no pending motions in the State Court Action.

[1] Unless otherwise noted, FWTB presents the factual allegations as presented in the underlying complaint, without acknowledgment of their truth.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

5. An Initial Status Conference is scheduled for October 26, 2023 at 10:30 a.m. in the State Court Action.

6. FWTB is a Colorado-based bank incorporated under the Colorado Business Corporation Act and the Colorado Banking Code.

7. Plaintiffs allege that Reliant Life Shares ("Reliant") sells fractionalized interests in life insurance policies after purchasing them from an insured. *Id.* ¶¶ 4, 30, 37. These investments require payment of the premiums for the life insurance policies to maintain the policies, and then the policy benefits are paid upon the death of the insured. *Id.*

8. Plaintiffs invested $50,000 in one of Reliant's life settlement policies. *Id.* ¶ 36.

9. That initial investment would be used, along with other investments in that policy, to pay for the first seven years of premiums, after which Plaintiffs (and other investors) had to pay any subsequent premiums owed. *Id.* ¶¶ 37-41.

10. Plaintiffs allege the Reliant Defendants[2] and Sean Michaels and Scott Grady, the managers, directors, and officers of the Reliant Defendants, engaged in a fraudulent scheme and misled investors about their likely annual returns, investment risks, and payments of future premiums. *Id.* ¶¶ 1, 5. Plaintiffs also allege that the Reliant Defendants, led by Michaels and Grady, used investor money to pay off expiring life insurance premiums sold years earlier, rather than the policies in which the investors invested. *Id.* ¶ 6. Michaels and Grady also allegedly used investor money to pay a judgment against them. *Id.* ¶¶ 5, 9.

11. Plaintiffs allege that FWTB "was an escrow agent and trustee for Reliant Life Settlements and permitted its name to be used on Reliant's website and in its marketing brochures." *Id.* ¶ 25. Plaintiffs claim that the Reliant Defendants "held First Western Trust Bank out as an institutional independent bank trustee whose

[2] The "Reliant Defendants" include Reliant Life Shares, LLC, RLS Financial Services, Inc., RMS Trust and Reliant Life Shares, LLC.



BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

duties included, but were not limited to, accepting investment funds, manage [sic] premium reserve accounts, make [sic] payments to carriers, and to distribute policy benefits to each of the investors upon policy maturity." *Id.*

12. Plaintiffs contend that FTWB and other "Trustee Defendants" are liable because they "aided and abetted Reliant Defendants, Michaels and Grady . . . [and] breached fiduciary duties." *Id.* at ¶ 2. Plaintiffs allege that FWTB, as a "Trustee Defendant," "knowingly authorized Reliant to use [FWTB]'s name and reputation in the Life Settlement Industry to be used by Defendant Reliant's written marketing brochures ('Brochure') which informed potential investors that each Trustee Defendant would serve as an 'independent escrow agent and trustee.'" *Id.* at ¶ 31.

13. Plaintiffs assert five claims on behalf of a putative nationwide class of "approximately 2,000 members" for negligence, violations of the California Corporations Code, breach of fiduciary duties, and unfair competition. *Id.* at ¶¶ 1, 53-54, 64-111. They also allege a sixth claim for financial elder abuse on behalf of "Class members who were residents of the State of California and age 65 or older at the date they invested." *Id.* at ¶¶ 3, 59, 95-101.

14. For all claims except the claim for financial elder abuse, Plaintiffs seek to represent a proposed nationwide class of "all persons, trusts, or entities who invested in a life settlement investment by or thru [sic] Reliant Defendants. Excluded are any entities or persons associated with Reliant Defendants or their officers and directors or within the network of related companies." *Id.* at ¶ 53.

15. On behalf of a class of "approximately 2,000," Plaintiffs seek "all damages allowed by law, including but not limited to the amount of their initial investments, any additional premiums paid to keep policies in force, prejudgment interest," punitive damages, trebled damages, restitution, disgorgement, and the "costs of suit, investigation, and attorney's fees." *Id.* at ¶¶ 54, 79, 87, 94, 101, 111.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

**GROUNDS FOR REMOVAL**

**A. Removal Is Timely.**

16. On September 11, 2023, Plaintiffs served FWTB with the Complaint.

17. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty days after service of the Complaint. Defendants have not filed any responsive pleadings in the State Superior Court of California, County of Los Angeles. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on Defendant FWTB in this matter are attached as Exhibits 2.

**B. Venue Is Proper in This District.**

18. Venue properly lies in this Court because the original action was filed in the State Superior Court of California, County of Los Angeles, which is located within the geographical boundaries of the United States District Court for the Central District of California, Western Division. 28 U.S.C. § 1441(a).

**C. The Court Has Subject Matter Jurisdiction Under CAFA.**

19. Congress passed CAFA to expand federal jurisdiction over class actions. *See* Pub. L. No. 109-2, 119 Stat. 14(2)(B) (CAFA seeks to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction."); S. Rep. No. 109-14, p. 43 (CAFA "is intended to expand substantially federal court jurisdiction over class actions"). To effectuate its purposes, Congress directed that CAFA "should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant." S. Rep. No. 109-14, p. 43. As the Supreme Court has held, there is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

20. CAFA authorizes removal of putative class actions if: (1) there exists minimal diversity of citizenship; (2) the proposed class contains at least 100 members; and (3) the amount-in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6); *Dart Cherokee Basin*, 574 U.S. at 84-85. FWTB disputes the validity of Plaintiffs' claims and denies that this case is appropriate for class treatment. At the time of removal, however, the focus is not an assessment of the merits, or whether a class should be certified, but rather on the "amount in controversy" as framed by the pleadings and the plausible allegations set forth in this Notice of Removal. *Dart Cherokee Basin*, 574 U.S. at 89. This case falls within the scope of CAFA.

**1. Minimal Diversity Exists.**

21. Unlike the traditional diversity statute, to establish federal jurisdiction under CAFA, the statute requires only minimal diversity, meaning that "any member a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Although a removing party's allegations of minimal diversity may be based on "information and belief," Plaintiffs' own allegations establish minimal diversity. *See Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

23. FWTB is incorporated under Colorado law with a principal place of business in Colorado. Compl. ¶ 25.

24. Plaintiff Carolyn Reed is a California resident, and Plaintiff James Reed was a resident of California when he invested in Reliant, but he now resides in Tennessee. *Id.* ¶ 16.

25. Thus, minimal diversity exists as the named plaintiffs and FWTB are citizens of different states.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

**2. The Proposed Class Contains at Least 100 Members**.

26. Under CAFA, the putative class must also consist of at least 100 members. *See* 28 U.S.C. § 1332(d)(5). This requirement is easily satisfied on the face of the Complaint.

27. Plaintiffs allege that the proposed class includes "approximately 2,000 members." Compl. ¶ 54; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (explaining numerosity was satisfied when the complaint alleged that the class involved "hundreds" of consumers).

**3. The Alleged Amount In Controversy Exceeds $5,000,000.**

28. For purposes of CAFA, the aggregate amount in controversy exceeds $5,000,000 based upon the allegations and legal theory asserted in the Complaint. Under CAFA, the claims of the individual members of a putative class are aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6).

29. "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). In removing a case to federal court, a defendant need only make a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. The removing defendant may rely on reasonable assumptions in calculating the amount in dispute. *Jauregui v. Roadrunner Trans. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022).

30. "[T]he term 'in controversy' has never required a party seeking to invoke federal jurisdiction to show that damages '*are* greater' or will *likely* prove greater 'than the requisite amount' specified by statute." *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016) (quoting *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012)). "Instead, the term has required a party seeking federal jurisdiction to show only and much more modestly that 'a fact finder *might* legally conclude' that damages exceed the statutory amount." *Id.* at 912 (quoting *Hartis*, 694

F.3d at 944). "As the Supreme Court has explained, to justify dismissal under this standard 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The Complaint makes clear that Plaintiffs seek far more than $5,000,000 in damages in this case.[3]

31. Plaintiffs allege that they invested $50,000 in Reliant. Compl. ¶ 36. Plaintiffs seek "all damages allowed by law, including but not limited to the amount of their initial investments in Reliant Life Shares, any additional premiums they had to make to keep policies in force, prejudgment interest" and the "costs of suit, investigation, and attorney's fees." *Id.* ¶¶ 79, 87. Plaintiffs contend that the putative class contains "approximately 2,000 members." *Id.* ¶ 54. Plaintiffs represent that their "claims are typical" of the putative class members because they were "similarly affected by Defendants' wrongful conduct." *Id.* at ¶ 55.

32. Taking the Complaint on its face and assuming that each of the 2,000 putative class members invested $50,000, like Plaintiffs, that would put the minimum potential damages at approximately $100,000,000 just based on the investment principal. Even if the 2,000 class members invested substantially less than the named Plaintiffs—for example, $25,000, $10,000, or even $2,500—that would still satisfy CAFA's required aggregate amount in controversy.

33. Moreover, Plaintiffs seek additional damages beyond the investment principal, including damages for payments of additional premiums. Compl. ¶ 87. For the named Plaintiffs, that amounted to more than an additional $7,500. *Id.* ¶¶ 39-41 (alleging that Plaintiffs paid additional premiums from 2021-2023). That amount alone extrapolated across the alleged class of 2,000 investors would be more than $15,000,000, which separately satisfies CAFA's amount-in-controversy requirement.

[3] Defendant does not in any way concede that the putative class will prevail on the merits or that the putative class will recover monetary or other relief valued at $5,000,000 or more.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

34. In addition, Plaintiffs seek prejudgment interest, trebled damages for the Elder Abuse Subclass, attorney's fees, punitive damages, and other remedies. Compl. ¶ 79 (costs of investigation and attorney's fees), ¶ 87 (initial investment, additional premiums, and prejudgment interest), ¶ 94 (punitive damages), 101 (trebled damages and attorney's fees), ¶ 111 (equitable remedies, including restitution and disgorgement).

35. Accordingly, the CAFA amount-in-controversy requirement of $5,000,000 is easily met. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) (explaining that because the "'[a]mount at stake' does not mean likely or probable liability; rather it refers to *possible* liability," a defendant may satisfy "the amount-in-controversy requirement under CAFA if it is reasonably possible that it may be liable for the proffered punitive damages amount").

**CONCLUSION**

36. For all the reasons stated above, this action is removable to this Court under 28 U.S.C. §§ 1441 and 1446, and this Court may exercise subject matter jurisdiction over the action). Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court, County of Los Angeles, California.

37. For these reasons, jurisdiction is proper in this Court under CAFA, and FWTB asks the Court to assume jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law. FWTB further requests that the removal of this action be entered on the docket of this Court.

///

///

///

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

Dated: October 11, 2023

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ David Harford*
David Harford
Attorneys for Defendant FIRST WESTERN TRUST BANK

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CALIFORNIA 92614

**PROOF OF SERVICE**
**CCP 1013A(3)**

***James Reed, et al. v. Reliant Life Share, LLC, et al.***

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1920 Main Street, Suite 1000, Irvine, CA 92614.

On **October 11, 2023**, I served the foregoing document(s) described as: **DEFENDANT FIRST WESTERN TRUST BANK'S NOTICE OF REMOVAL** on all interested parties in this action by placing ☒ a true copy ☐ the original thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Thomas G. Foley, Jr.<br>Kevin Gamarnik<br>**FOLEY, BEZEK, BEHLE & CURTIS, LLP**<br>15 West Carrillo Street<br>Santa Barbara, CA 93101 | *Attorneys for Plaintiff and all those similarly situated*<br><br>Telephone: (805) 962-9495<br>Facsimile: (805) 962-0722<br>Email: tfoley@foleybezek.com<br>kgamarnik@foleybezek.com |
| Richard E. Donahoo<br>Sarah L. Kokonas<br>**DONAHOO & ASSOCIATES, PC**<br>440 W. First Street, Suite 101<br>Tustin, California 92780 | *Attorneys for Plaintiff and all those similarly situated*<br><br>Telephone: (714) 953–1010<br>Facsimile: (714) 953–1777<br>Email: rdonahoo@donahoo.com<br>skokonas@donahoo.com |
| Elizabeth J. Campbell<br>**WOMBLE BOND DICKINSON (US) LLP**<br>Atlantic Station<br>271 17th Street, NW. Suite 2400<br>Atlanta, GA 30363 1017 | *Attorney for Christopher Conway, Court appointed Receiver for Reliant Life Shares, LLC*<br><br>Telephone: (404) 879-2416<br>Email: Elizabeth.Campbell@wbd-us.com |
| David W. Tufts<br>**DENTONS DURHAM JONES PINEGAR, P.C.**<br>111 South Main, Suite 2400<br>Salt Lake City, Utah 84111 | *Attorneys for Defendant BOU BANCORP, INC.*<br><br>Telephone: (801) 415-3000<br>Email: david.tufts@dentons.com |

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92614

Bryan Cave Leighton Paisner LLP
1920 Main Street, Suite 1000
Irvine, California 92688

| | |
|---|---|
| Stephen A. Watkins<br>**DENTONS DURHAM JONES PINEGAR, P.C.**<br>601 South Figueroa Street, Suite 2500<br>Los Angeles, California 90017 | *Attorneys for Defendant BOU BANCORP, INC.*<br><br>Telephone: (213) 623-9300<br>Facsimile: (213) 623-9924<br>Email: stephen.watkins@dentons.com |
| Peter Berlin (SBN 185966)<br>**LAW OFFICE OF PETER BERLIN, P.C.**<br>18425 Burbank Blvd., Suite 719<br>Tarzana, Ca 91356 | *Attorneys for Defendant RLS Financial, Inc.*<br><br>Telephone: (818) 986-0968<br>Facsimile: (818) 757-7252<br>Email: Peter@labizlawyer.com |
| Dean A. Olson<br>**CLARK HILL LLP**<br>555 South Flower Street, 24th Floor,<br>Los Angeles, CA 90071 | *Attorneys for UMB Bank, N.A.*<br><br>Telephone: (213) 417-5132<br>Facsimile: (213) 488 1178<br>Email: dolson@clarkhill.com |

[☒] BY MAIL - As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[☒] BY E-MAIL – I caused a true copy of the foregoing document(s) to be served by electronic email transmission at the time shown on each transmission, to each interested party at the email address shown above. Each transmission was reported as complete and without error.

[☒] FEDERAL - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **<u>October 11, 2023</u>**, at Irvine, California.

Apameh Meyers