**CLARK HILL LLP**
Dean A. Olson (SBN 126155)
DOlson@ClarkHill.com
Wendi J. Frisch (SBN 211555)
WFrisch@ClarkHill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Attorneys for Defendant,
UMB BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REED AND CAROLYNN REED, on behalf of themselves and all others similarly situated, *Plaintiffs,*<br><br>GWENDALYN DOUGLASS as trustee of RAYMOND E. DOUGLASS REVOCABLE TRUST, executor of The Raymond E. Douglass estate, and as successor in interest,<br><br>*Plaintiffs*<br>v.<br>RELIANT LIFE SHARES, LLC. a California limited liability company; ~~RLS FINANCIAL SERVICES, INC., a California corporation~~; RELIANT LIFE SHARES SERIES TRUST, aka RLS TRUST, a trust; RMS TRUST, a trust; SEAN MICHAELS, an individual; SCOTT GRADY, an individual; WILMINGTON SAVINGS FUND SOCIETY, a federal savings bank doing business as CHRISTIANA TRUST, individually and as trustee; UMB BANK, N.A., a federally chartered bank, individually and as trustee; ~~BOU BANCORP, INC. doing business as BANK OF UTAH~~; BANK OF UTAH, individually and as trustee; FIRST WESTERN TRUST BANK, a Colorado Corporation, individually and as trustee; RLS, Grantor, LLC, A California limited liability company, ANDREW MURPHY, an individual, and DOES 1-20,<br><br>*Defendants* | Case No. 2:23-CV-08577-SB-AGR (Lead Case)<br><br>Consolidated with Case No. 2:23-CV-00460 SB (AGRx)<br><br>**DEFENDANT UMB BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**<br><br>Date:           February 2, 2024<br>Time:           8:30 a.m.<br>Courtroom:      6C<br>Judicial Officer: Hon. Stanley Blumenfeld, Jr.<br><br>[Filed concurrently with Memorandum of Points and Authorities and [Proposed] Order] |

1

**DEFENDANT UMB BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 2, 2024, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 6C of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, California, 90012, defendant UMB BANK, N.A. ("UMB") will and hereby does move this Court pursuant to Rules 12(b)(6), 9(b), and 8(a) of the Federal Rules of Civil Procedure for an Order dismissing the First Amended Complaint ("FAC") as to UMB.

**PLEASE TAKE FURTHER NOTICE** that UMB brings this Motion on the following grounds:

1. All of the claims in the FAC brought by plaintiffs James Reed and Carolyn Reed (collectively, the "Reed Plaintiffs") should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Reed Plaintiffs' damages predated UMB's alleged involvement as a trustee, so no alleged harm could have flowed from any alleged action or inaction on the part of UMB to the Reed Plaintiffs.[1]

2. All of the claims brought by the Reed Plaintiffs also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because all of the Reed Plaintiffs' claims are time-barred by the applicable statutes of limitations.

3. The FAC's First Cause of Action, for Negligence, also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the FAC fails to plead essential elements of this claim as to UMB, including duty. Additionally, the alleged negligence

---

[1] The Reed Plaintiffs only assert the following causes of action against UMB in the FAC, all of which should be dismissed as to UMB: (1) First Cause of Action, for Negligence, (2) Second Cause of Action, for Gross Negligence, (3) Fourth Cause of Action, for Violation of California Corporations Code § 25504.1, (4) Fifth Cause of Action, for Breach of Fiduciary Duty, (5) Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.). (6) Sixth Cause of Action, for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.). The remaining causes of action in the FAC are *not* asserted against UMB.

**DEFENDANT UMB BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**

and/or alleged criminal conduct of the other defendants that Plaintiffs have lumped into this cause of action were unforeseeable and are thus superseding causes to any alleged negligence on the part of UMB.

4. The FAC's Second Cause of Action, for Gross Negligence, also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the FAC fails to plead essential elements of this claim as to UMB, including duty and "lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others" on the part of UMB.  (*Rosencrans v. Dover Images, Ltd.*, 192 Cal. App. 4th 1072, 1082 (2011), citation omitted.)

5. The FAC's Fourth Cause of Action, for Violation of Corporations Code § 25504.1, also should be dismissed as to UMB because this cause of action sounds in fraud but fails to state with particularity the circumstances constituting UMB's alleged fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

6. The FAC's Fifth Cause of Action, for Breach of Fiduciary Duty, also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the FAC fails to plead essential elements of this claim as to UMB, including a fiduciary relationship between the Reed Plaintiffs and UMB.

7. The FAC's Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.) also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and because this cause of action sounds in fraud but the FAC fails to state with particularity the circumstances constituting UMB's alleged fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

8. The FAC's Sixth Cause of Action for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.) also should be dismissed as to UMB because this cause of action sounds in fraud but fails to state with particularity the circumstances constituting UMB's

alleged fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

9. The FAC's claims for disgorgement and an equitable accounting under the FAC's Sixth Cause of Action for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.) also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs' recovery for this cause of action is generally limited to injunctive relief and restitution, and damages are not available. (*Pfizer Inc. v. Superior Court (Galfano)* (2010) 182 Cal. App. 4th 622, 631, review denied. See also, *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999), and *Inline, Inc. v. A.V.L. Holding Co.* (2005) 125 Cal. App. 4th 895, 903.) Nor is non-restitutionary disgorgement an available remedy. (*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145, 1148 (2003).).

10. The FAC's claims for punitive and exemplary damages and any supporting allegations related thereto also should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the FAC fails to satisfy federal pleading and substantive state law requirements for recovery of punitive and exemplary damages. (*Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1147-1148, Cal. Civ. Code § 3294, Cal. Welf. & Inst. Code § 15657.5(c).)

**PLEASE TAKE FURTHER NOTICE** that UMB's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying [Proposed] Order, the pleadings and papers on file in this action, and such other oral and documentary evidence as may properly come before this Court at the hearing on this Motion.

/ / /

/ / /

/ / /

/ / /

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which commenced on December 22, 2023, and was completed on January 2, 2024.

Dated: January 5, 2024         Respectfully submitted,

**CLARK HILL LLP**

By:  /s/ Dean A. Olson
Dean A. Olson
Wendi J. Frisch
Attorneys for Defendant UMB BANK, N.A.

5

**DEFENDANT UMB BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**