**CLARK HILL LLP**
Dean A. Olson (SBN 126155)
DOlson@ClarkHill.com
Wendi J. Frisch (SBN 211555)
WFrisch@ClarkHill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant,
UMB BANK, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REED AND CAROLYNN REED, on behalf of themselves and all others similarly situated, *Plaintiffs,*<br><br>GWENDALYN DOUGLASS as trustee of RAYMOND E. DOUGLASS REVOCABLE TRUST, executor of The Raymond E. Douglass estate, and as successor in interest,<br><br>*Plaintiffs*<br>v.<br><br>RELIANT LIFE SHARES, LLC. a California limited liability company; ~~RLS FINANCIAL SERVICES, INC., a California corporation~~; RELIANT LIFE SHARES SERIES TRUST, aka RLS TRUST, a trust; RMS TRUST, a trust; SEAN MICHAELS, an individual; SCOTT GRADY, an individual; WILMINGTON SAVINGS FUND SOCIETY, a federal savings bank doing business as CHRISTIANA TRUST, individually and as trustee; UMB BANK, N.A., a federally chartered bank, individually and as trustee; ~~BOU BANCORP, INC. doing business as BANK OF UTAH~~; BANK OF UTAH, individually and as trustee; FIRST WESTERN TRUST BANK, a Colorado Corporation, individually and as trustee; RLS, Grantor, LLC, A California limited liability company, ANDREW MURPHY, an individual, and DOES 1-20,<br><br>*Defendants* | Case No. 2:23-CV-08577-SB-AGR (Lead Case)<br><br>Consolidated with Case No. 2:23-CV-00460 SB (AGRx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**<br><br>Date:          February 2, 2024<br>Time:          8:30 a.m.<br>Courtroom:  6C<br>Judicial Officer:  Hon. Stanley Blumenfeld, Jr. |

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**

# TABLE OF CONTENTS

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.    LEGAL STANDARD FOR MOTION TO DISMISS ................................. 2

III.   ALL OF THE REED PLAINTIFFS' CLAIMS FAIL AS TO UMB
       BECAUSE THEIR ALLEGED DAMAGES PREDATED UMB'S
       ALLEGED INVOLVEMENT AS A TRUSTEE ............................................ 3

IV.    ALL OF THE REED PLAINTIFFS' CLAIMS ARE TIME-BARRED BY
       THE APPLICABLE STATUTES OF LIMITATIONS ................................. 4

V.     THE FIRST CAUSE OF ACTION, FOR NEGLIGENCE, FAILS AS TO
       UMB ........................................................................................................ 8

VI.    THE SECOND CAUSE OF ACTION, FOR GROSS NEGLIGENCE,
       FAILS AS TO UMB .................................................................................. 9

VII.   THE FOURTH CAUSE OF ACTION, FOR VIOLATION OF
       CORPORATIONS CODE § 25504.1, FAILS AS TO UMB ....................... 10

VIII.  THE FIFTH CAUSE OF ACTION, FOR BREACH OF FIDUCIARY
       DUTIES, FAILS AS TO UMB .................................................................. 13

IX.    THE FIFTH [SIC] CAUSE OF ACTION, FOR FINANCIAL ELDER
       ABUSE, FAILS AS TO UM ...................................................................... 13

X.     THE SIXTH CAUSE OF ACTION, FOR UNFAIR BUSINESS
       PRACTICES (BUS. & PROF. CODE §§ 17203 ET SEQ.), FAILS AS TO
       UMB. ...................................................................................................... 15

XI.    THE DEMANDS FOR PUNITIVE AND EXEMPLARY DAMAGES
       FAILS AS A MATTER OF LAW AND MUST BE DISMISSED ............. 18

XII.   CONCLUSION ........................................................................................ 21

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alan Neuman Prods., Inc. v. Albright*,
862 F. 2d 1388 (9th Cir. 1988) ....................................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............2, 16, 18, 19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................2, 18, 19

*Bily v. Arthur Young & Co.*,
3 Cal. 4th 370 (1992) ......................................................................................8

*Castellon v. U.S. Bancorp*,
220 Cal. App. 4th 994 (2013) .........................................................................8

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ..................................................................................17

*City of Santa Barbara v. Superior Court*,
41 Cal. 4th 747 (2007) ....................................................................................9

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ........................................................................4

*Czajkowski v. Haskell & White, LLP*,
208 Cal. App. 4th 166 (2012) .........................................................................4

*Das v. Bank of Am., N.A.*,
186 Cal. App. 4th 727 (2010) .......................................................................14

*Desaigoudar v. Meyercord*,
223 F. 3d 1020 (9th Cir. 2000) .....................................................................11

*Destfino v. Reiswig*,
630 F. 3d 952 (9th Cir. 2011) .......................................................................12

*Dilley v. C.R. Bard, Inc.*,
No. 2:14-cv-01795-ODW(ASx), 2014 WL 1338877 (C.D. Cal. April 3, 2014) ..................................................................................................19, 20

*Drake v. Toyota Motor Corp.*,
No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125 (C.D. Cal. Nov. 23,
2020) ....................................................................................................................... 4

*Edwards v. Marin Park, Inc.*,
356 F. 3d 1058 (9th Cir. 2004) ......................................................................... 11

*Giacometti v. Aulla, LLC*,
187 Cal. App. 4th 1133 (2010) ........................................................................... 8

*In re Glenfed, Inc. Sec. Litig.*,
42 F. 3d 1541 (9th Cir. 1994) ........................................................................... 11

*Hall v. Time, Inc.*,
158 Cal. App. 4th 847 (2008) ........................................................................... 16

*Henderson v. Sec. Nat'l Bank*,
72 Cal. App. 3d 764 (1977) .............................................................................. 18

*Hockey v. Medhekar*,
30 F. Supp. 2d 1209 (N.D. Ca. 1998)............................................................... 11

*Inline, Inc. v. A.V.L. Holding Co.*
(2005) 125 Cal. App. 4th 895 ........................................................................... 17

*Kane v. Hartford Accident & Indemnity Co.*,
98 Cal. App. 3d 350............................................................................................ 9

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) .......................................................................... 16

*Kelley v. Corrections Corp. of America*,
750 F. Supp. 2d 1132 (E.D. Cal. 2010) ..................................................... 18, 19

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ................................................................................... 17

*Martinez v. Vintage Petroleum*,
68 Cal. App. 4th 695 (1998) ............................................................................... 9

*Millare v. Bank of America, N.A.*,
No. CV 21-8398 PA, 2022 WL 1843133 (C.D. Cal. Jan. 25, 2022)............. 14

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES
12(B)(6), 9(B), AND 8(A)**

*Moore v. Kayport Package Exp., Inc.*,
885 F. 2d 531 (9th Cir. 1989) ..........................................................................12

*Neilson v. Union Bank of Cal., N.A.*,
290 F. Supp. 2d 1101 (C.D. Cal. 2003) ...........................................................11

*Ortega v. Natural Balance, Inc.*,
No. CV 13–05942 ABC (Ex), 2013 WL 6596792 (C.D. Cal.
December 16, 2013)...........................................................................................20

*Parducci v. Overland Solutions, Inc.*,
399 F. Supp. 3d 969 (N.D. Cal. 2019)..............................................................14

*Paslay v. State Farm Gen. Ins. Co.*,
248 Cal. App. 4th 639 (2016) ...........................................................................14

*Perez v. Nidek Co., Ltd.*,
711 F.3d 1109 (9th Cir. 2013) .............................................................................2

*Pfizer Inc. v. Superior Court (Galfano)*
(2010) 182 Cal. App. 4th 622, review denied .................................................17

*Pierce v. Lyman*,
1 Cal. App. 4th 1093 (1991) .............................................................................13

*Quelimane Co. v. Stewart Title Guaranty Co.*,
19 Cal 4th 26 (1998) ...........................................................................................8

*Rosencrans v. Dover Images, Ltd.*,
192 Cal. App. 4th 1072 (2011) ...........................................................................9

*S. Cal. Gas Leak Cases v. Superior Court (First Am. Wholesale
Lending Corp.)*,
7 Cal. 5th 391 (2019) ...........................................................................................8

*Semegen v. Weidner*,
780 F. 2d 727 (9th Cir. 1985) ...........................................................................11

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection
HDTV Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) ............................................................11

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...............................................................................2

iv

*Vess v. Ciba-Geigy Corp. USA*,
317 F. 3d 1097 (9th Cir. 2003) ....................................................................11

*Whittlestone Inc., v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010) .......................................................................18

*Yamauchi v. Cotterman*,
84 F. Supp. 3d 993 (N.D. Cal. 2015)...........................................................13

**Statutes**

Cal. Bus. & Prof. Code § 17200 ...................................................................15

Cal. Bus. & Prof. Code § 17203 et seq.................................................*passim*

Cal. Bus. & Prof. Code § 17204 ...................................................................16

Cal. Bus. & Prof. Code § 17208 .....................................................................7

Cal. Civ. Code § 3294...............................................................................19, 20

Cal. Civ. Code § 3294(a) ..............................................................................18

Cal. Civ. Code § 3294(b) .........................................................................19, 20

Cal. Code of Civ. Proc., § 338(d) ...................................................................6

Cal. Code of Civ. Proc., § 339(1) ...................................................................5

Cal. Code of Civ. Proc., § 343 ........................................................................6

Cal. Corp. Code § 25110 ..............................................................................10

Cal. Corp. Code § 25120 ..............................................................................10

Cal. Corp. Code § 25130 ..............................................................................10

Cal. Corp. Code § 25133 ..............................................................................10

Cal. Corp. Code § 25141 ..............................................................................10

Cal. Corp. Code § 25219 ..............................................................................10

Cal. Corp. Code § 25401 .......................................................................1, 6, 10

Cal. Corp. Code § 25501 .................................................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES
12(B)(6), 9(B), AND 8(A)**

Cal. Corp. Code § 25504.1 ......................................................*passim*

Cal. Corp. Code § 25506(b)........................................................6

Cal. Welf. & Inst. Code § 15600 et seq.................................*passim*

Cal. Welf. & Inst. Code § 15610.27 .........................................14

Cal. Welf. & Inst. Code § 15610.30 .........................................20

Cal. Welf. & Inst. Code § 15610.30(a)......................................14

Cal. Welf. & Inst. Code § 15610.30(b) .....................................14

Cal. Welf. & Inst. Code § 15610.70 .........................................14

Cal. Welf. & Inst. Code § 15657.5(c).......................................20

Cal. Welf. & Inst. Code § 15657.7 .............................................7

**Rules**

Fed. R. Civ. P. 8......................................................................19

Fed. R. Civ. P. 8(a) ...................................................................1

Fed. R. Civ. P. 9(b) ...........................................................*passim*

Fed. R. Civ. P. 12(b)(6) .....................................................*passim*

Fed. R. Civ. P. 12(f)...............................................................18

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

In this case, plaintiffs James Reed and Carolyn Reed (collectively, the "Reed Plaintiffs") allege they sustained damages as an alleged result of their investment in Reliant Life Shares "life settlement" program on July 29, 2014. They seek to assert six causes of action against defendant UMB BANK, N.A. ("UMB") as an alleged trustee of the trust allegedly designated to purchase life settlement insurance policies for the program:

- First Cause of Action, for Negligence
- Second Cause of Action, for Gross Negligence
- Fourth Cause of Action, for Violation of California Corporations Code § 25504.1
- Fifth Cause of Action, for Breach of Fiduciary Duty
- Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.)
- Sixth Cause of Action, for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.)[1]

All of these causes of action should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. First, the Reed Plaintiffs' alleged damages predate UMB's alleged involvement as a trustee, so no alleged harm could have flowed from any alleged action or inaction on the part of UMB to the Reed Plaintiffs. Second, all of the Reed Plaintiffs' causes of action are untimely. Third, the Reed Plaintiffs fail to allege essential elements of the foregoing causes of action against UMB, and the claims

---

[1] The remaining causes of action in the FAC are not asserted against UMB: (1) Third Cause of Action, for Violation of Corporations Code §§ 25401 & 25501, (2) Eighth Cause of Action, for Violation of Corporate Code §§ 25401 & 25501, (3) Ninth Cause of Action, for Breach of Fiduciary Duty, (4) Tenth Cause of Action, for Financial Elder Abuse, (5) Eleventh Cause of Action, for Selling Unregistered Securities and Insurance, (6) Twelfth Cause of Action, for Negligence.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES
12(B)(6), 9(B), AND 8(A)**

sounding in fraud fail to meet the heightened pleading standards of Rule 9(b).  Finally, the claims for non-restitutionary disgorgement, an equitable accounting, and punitive and exemplary damages fail to satisfy federal pleading and substantive state law requirements.

For these reasons, as further discussed herein, UMB respectfully requests that the Court grant its Motion and dismiss the FAC in its entirety as to UMB.

## II.    <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

Under the Federal Rules of Civil Procedure, a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  (Fed. R. Civ. P. 12(b)(6).)  To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) [quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)]; see also, *Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1113 (9th Cir. 2013).)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  (*Ashcroft v. Iqbal, supra,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868, citing *Bell Atl. Corp. v. Twombly, supra,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929.)  However, it is "plaintiff's obligation to provide . . . more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  (*Bell Atl. Corp. v. Twombly, supra,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929.)  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  (*Ashcroft v. Iqbal, supra,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868, citing *Bell Atl. Corp. v. Twombly, supra,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929.)  The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  (*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).)

Here, as discussed further below, plaintiffs fail to state a claim upon which relief can be granted against UMB under any of the causes of action in the FAC.

**III.     <u>ALL OF THE REED PLAINTIFFS' CLAIMS FAIL AS TO UMB BECAUSE THEIR ALLEGED DAMAGES PREDATED UMB'S ALLEGED INVOLVEMENT AS A TRUSTEE.</u>**

As a preliminary matter, all of the claims brought by the Reed Plaintiffs against UMB fail because the FAC alleges UMB did not become a trustee of the Reliant trust until June 15, 2015 (FAC, ¶43), nearly a year *after* the Reed Plaintiffs allege they invested in the Reliant Life Shares "life settlement" program on July 29, 2014 (FAC, ¶12). As such, no alleged action or inaction on the part of UMB could possibly have induced or influenced the Reed Plaintiffs to invest in the Reliant Life Shares "life settlement" program, and no alleged harm could have flowed from any alleged action or inaction on the part of UMB to the Reed Plaintiffs. Accordingly, the following causes of action brought by the Reed Plaintiffs should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the request that the Reed Plaintiffs be named Class Representatives should be denied:

- First Cause of Action, for Negligence
- Second Cause of Action, for Gross Negligence
- Fourth Cause of Action, for Violation of California Corporations Code § 25504.1
- Fifth Cause of Action, for Breach of Fiduciary Duty
- Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.)
- Sixth Cause of Action, for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.)

As discussed in sections IV through XI, *infra*, all of these claims also should be dismissed as to UMB on the grounds they are untimely, the FAC fails to allege essential

elements of the foregoing causes of action against UMB and the claims sounding in fraud fail to meet the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure.  Additionally, the claims for non-restitutionary disgorgement, an equitable accounting, and punitive and exemplary damages should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the FAC fails to satisfy federal pleading and substantive state law requirements for recovery of these remedies.

## IV.    ALL OF THE REED PLAINTIFFS' CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS.

Further, all of the claims brought by the Reed Plaintiffs against UMB are barred as untimely.  Plaintiffs allege they invested in the Reliant Life Shares "life settlement" program on July 29, 2014 (FAC, ¶12), but they did not initiate this action until more than *nine years* later, when they filed their original complaint in the Superior Court of California, for the County of Los Angeles, on August 17, 2023, well after any applicable statute of limitations had expired.  The Reed Plaintiffs claim they only began to discover the basis of their claims on December 14, 2022, when the California Department of Financial Protection and Innovation issued a Desist and Refrain Order.  (FAC, ¶18.)

"In California, the discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'"  (*Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008), citation omitted.)  "To rely on this rule, a plaintiff 'must specifically plead facts to show (1) the time and manner of discovery and (2) *the inability to have made earlier discovery despite reasonable diligence*."  (*Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125, *6 (C.D. Cal. Nov. 23, 2020), citation omitted, emphasis added.)

A "plaintiff has a duty to investigate even where a fiduciary relationship exists when he has notice of facts sufficient to arouse the suspicions of a reasonable man.  [Citations.] *If such facts actually do come to his attention he may not sit idly by for at that point the statute of limitations begins to run*."  (*Czajkowski v. Haskell & White, LLP,* 208 Cal. App.

4th 166, 177-178 (2012), emphasis in original.)

Here, the Reed Plaintiffs fail to meet their burden to establish facts to support their alleged inability to discover the basis of their claims despite reasonable diligence in the more than *eight years* since they allege they invested in the Reliant Life Shares "life settlement" program on July 29, 2014. Although they claim they did not begin to discover the basis of their claims until December 14, 2022, they provide no facts whatsoever to show they could not have discovered the basis of their claims earlier, before the applicable statutes of limitations had run.

Accordingly, the following causes of action brought by the Reed Plaintiffs are untimely and should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure:

- First Cause of Action, for Negligence, and Second Cause of Action, for Gross Negligence
  - The two negligence causes of action are governed by the two-year statute applicable to actions upon a liability "not founded upon an instrument of writing." (Cal. Code of Civ. Proc., § 339(1).). The Reed Plaintiffs' negligence claims are time-barred because any purported loss or damage would have been suffered on July 29, 2014, the date the Reed Plaintiffs allege they invested in the Reliant Life Shares "life settlement" program (FAC, ¶12). Based on the Reed Plaintiffs' alleged date of investment, the last date they could timely bring a claim against UMB for negligence was *July 29, 2016.*

- Fourth Cause of Action, for Violation of California Corporations Code § 25504.1
  - An action for rescission or damages based on an allegedly untrue statement or omission of material fact in connection with the purchase or sale of securities must be brought before the expiration of five years after the act or transaction constituting the violation or the expiration of

5

two years after the discovery by the plaintiff of the facts constituting the violation, whichever shall first expire.  (Cal. Corp. Code., §§ 25401, 25506(b).)  Based on the Reed Plaintiffs' July 29, 2014, alleged date of investment, the last date they could timely bring a claim against UMB for Violation of California Corporations Code § 25504.1 was *July 29, 2019*.

- Fifth Cause of Action, for Breach of Fiduciary Duty

  - To the extent the cause of action for Breach of Fiduciary Duty is based on an allegedly fraudulent breach of fiduciary duty for UMB's alleged conduct in engaging with Reliant and its principals and allegedly failing to make disclosures to the Reed Plaintiffs (FAC, ¶¶156, 157), the Reed Plaintiffs were required to bring this cause of action within three years. (Cal. Code of Civ. Proc., § 338(d).)  Based on the Reed Plaintiffs' July 29, 2014, alleged date of investment, the last date they could timely bring a claim against UMB for an allegedly fraudulent breach of fiduciary duty was *July 29, 2017*.

  - To the extent the cause of action for Breach of Fiduciary Duty is based on an allegedly nonfraudulent breach of fiduciary duty, for UMB's alleged conduct in engaging with Reliant and its principals and allegedly failing to make disclosures to the Reed Plaintiffs (FAC, ¶¶156, 157), the Reed Plaintiffs were required to bring this cause of action within four years.  (Cal. Code of Civ. Proc., § 343.)  Based on the Reed Plaintiffs' July 29, 2014, alleged date of investment, the last date they could timely bring a claim against UMB for an allegedly nonfraudulent breach of fiduciary duty was *July 29, 2018*.

- Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.)

  - An action for damages for financial abuse of an elder must be brought

6

within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse.  (Cal. Welf. & Inst. Code § 15657.7.)  As previously stated, the Reed Plaintiffs fail to allege sufficient facts to support their alleged inability to discover the relevant facts pertaining to their claims prior to December 14, 2022 (FAC, ¶18).  As such, based on the Reed Plaintiffs' July 29, 2014, alleged date of investment, the last date they could timely bring a claim against UMB for financial abuse of an elder was *July 29, 2018.*

- Sixth Cause of Action, for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.)

  ▪ An action for recovery under Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.) must be brought within four years after the cause of action accrued.  (Cal. Bus. & Prof. Code § 17208.)  The Reed Plaintiffs base this claim on the allegedly "unfair, unlawful and deceptive business practices [of] aiding and abetting the sale of Reliant investments, and failing to disclose that the investments were unregistered securities."  (FAC, ¶ 171.)  As previously stated, the FAC alleges UMB did not become a trustee of the Reliant trust until June 15, 2015 (FAC, ¶43), nearly a year *after* the Reed Plaintiffs allege they invested in the Reliant Life Shares "life settlement" program on July 29, 2014 (FAC, ¶12).  As such, they could not have "aided and abetted" the sale of Reliant investments to the Reed Plaintiffs.  As to any alleged action or inaction on the part of UMB after June 15, 2015, which the Reed Plaintiffs contend support this cause of action, the Reed Plaintiffs fail to allege sufficient facts to support their alleged inability to discover the relevant facts pertaining to their claims prior to December 14, 2022 (FAC, ¶18).  Accordingly, based on the Reed Plaintiffs' July 29, 2014,

7

1    alleged date of investment, the last date they could timely bring a claim
2    against UMB for Unfair Business Practices (Bus. & Prof. Code
3    §§ 17203 et seq.) was *July 29, 2018*.

4    **V.      THE FIRST CAUSE OF ACTION, FOR NEGLIGENCE, FAILS AS TO**
5    **UMB.**

6        The First Cause of Action, for Negligence, also fails as to UMB, for failure to allege
7    essential elements.  "The elements of a negligence cause of action are the existence of a
8    legal duty of care, breach of that duty, and proximate cause resulting in injury."
9    (*Castellon v. U.S. Bancorp*, 220 Cal. App. 4th 994, 998 (2013) (citations omitted)).  "The
10   threshold element of a cause of action for negligence is the existence of a duty to use due
11   care toward an interest of another that enjoys legal protection against unintentional
12   invasion."  (*Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992).)

13       Here, the FAC fails to establish the existence of a duty on the part of UMB to the
14   Reed Plaintiffs.  Plaintiffs were not in privity of contract with UMB.  (*Giacometti v.*
15   *Aulla, LLC*, 187 Cal. App. 4th 1133, 1137 (2010) ["The general rule is that privity of
16   contract is a requisite to a professional negligence claim."].)   Nor have Plaintiffs
17   identified any duty on the part of UMB to prevent their alleged economic loss as non-
18   contracting parties.  (See, *Bily v. Arthur Young & Co., supra*, 3 Cal. 4th at 376 ["We
19   conclude that an auditor owes no general duty of care regarding the conduct of an audit
20   to persons other than the client."].  See also, *Quelimane Co. v. Stewart Title Guaranty*
21   *Co.*, 19 Cal 4th 26, 58 (1998) ["Recognition of a duty to manage business affairs so as to
22   prevent purely economic loss to third parties in their financial transactions is the
23   exception, not the rule, in negligence law."].)   Nor were Plaintiffs in a "special
24   relationship" with UMB so as qualify for an exception to the "general rule of no-recovery
25   for negligently inflicted purely economic losses."  (*S. Cal. Gas Leak Cases v. Superior*
26   *Court (First Am. Wholesale Lending Corp.)*, 7 Cal. 5th 391, 400 (2019).)

27       The FAC also fails to allege any other element of negligence as to UMB.  Instead,
28   the FAC improperly combines all defendants into a single cause of action, and it is unclear

what duty of care, breach, or proximate cause allegedly resulted in what alleged injury to Plaintiffs.  Moreover, while UMB denies it was negligent, the alleged negligence and/or alleged criminal conduct of the other defendants that Plaintiffs have lumped into this cause of action were unforeseeable and are thus superseding causes to any alleged negligence on the part of UMB.  (See, *Kane v. Hartford Accident & Indemnity Co*., 98 Cal. App. 3d 350, 360 [criminal act as superseding cause]; *Martinez v. Vintage Petroleum*, 68 Cal. App. 4th 695, 701-702 (1998) [intervening negligence as superseding cause].)

Thus, the First Cause of Action, for Negligence, should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VI.    THE SECOND CAUSE OF ACTION, FOR GROSS NEGLIGENCE, FAILS AS TO UMB.

The Second Cause of Action, for Gross Negligence, also fails as to UMB.  Under California law, "Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages.  However, to set forth a claim for 'gross negligence' the plaintiff must allege extreme conduct on the part of the defendant." (*Rosencrans v. Dover Images, Ltd.*, 192 Cal. App. 4th 1072, 1082 (2011), internal citations and punctuation omitted.)  "The conduct alleged must rise to the level of either a want of even scant care or an extreme departure from the ordinary standard of conduct." (*Id.*, quoting *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 754 (2007), internal punctuation omitted.)

Here, Plaintiffs rely upon the same allegations to support their Gross Negligence cause of action as they do to support their Negligence cause of action.  As previously explained, the FAC fails to allege any element of negligence as to UMB.  As such, the Gross Negligence cause of action fails as to UMB for all of the same reasons that the Negligence cause of action fails as to UMB.

Moreover, while UMB denies it was negligent or "grossly negligent," the FAC's

allegations based on "information and belief" that the "Trustee Defendants" allegedly "knew" Defendant Reliant was making "specific affirmative representations in its Closing packages, on its website, and in its marketing Brochures to potential investors" regarding all of the Trustee Defendants (FAC, ¶117) are insufficient to demonstrate the "lack of any care or an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to oneself or to others" on the part of UMB as required under California law. Such allegations do not rise to the level of negligence, much less "gross" negligence as to UMB.

Thus, the Second Cause of Action, for Gross Negligence, should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## VII.    THE FOURTH CAUSE OF ACTION, FOR VIOLATION OF CORPORATIONS CODE § 25504.1, FAILS AS TO UMB.

The Fourth Cause of Action, for Violation of Corporations Code § 25504.1, also fails as to UMB. Corporations Code section 25504.1 states,

Any person who materially assists in any violation of Section 25110, 25120, 25130, 25133, or 25401, or a condition of qualification under Chapter 2 (commencing with Section 25110) of Part 2 of this division imposed pursuant to Section 25141, or a condition of qualification under Chapter 3 (commencing with Section 25120) of Part 2 of this division imposed pursuant to Section 25141, or an order suspending trading issued pursuant to Section 25219, *with intent to deceive or defraud*, is jointly and severally liable with any other person liable under this chapter for such violation. (Emphasis added.)

The Fourth Cause of Action, for Violation of Corporations Code § 25504.1, thus sounds in fraud.

To survive a motion to dismiss for failure to state a claim, a complaint alleging fraud must satisfy the heightened pleading standards contained in Rule 9(b) of the Federal

10

Rules of Civil Procedure.  (See, *Edwards v. Marin Park, Inc.*, 356 F. 3d 1058, 1065-1066 (9th Cir. 2004) [fraud]; *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) [negligent misrepresentation]; *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1088 (S.D. Cal. 2010) [consumer protection claims rooted in theories of fraudulent concealment and fraudulent misrepresentation].)

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  (Fed. R. Civ. P. 9(b).  See also, *Desaigoudar v. Meyercord*, 223 F. 3d 1020, 1022 (9th Cir. 2000) [fraud must be pled with "a high degree of meticulousness."].)  Rule 9(b) serves to deter the filing of complaints "as a pretext for the discovery of unknown wrongs," to protect professionals "from the harm that comes from being charged with the commission of fraudulent acts," and to prohibit plaintiffs from "unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."  (*Semegen v. Weidner*, 780 F. 2d 727, 731 (9th Cir. 1985).)

The Ninth Circuit has interpreted Rule 9(b) to mean that the plaintiff must "state the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentation."  (*Alan Neuman Prods., Inc. v. Albright,* 862 F. 2d 1388, 1392-1393 (9th Cir. 1988).)  In other words, "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." (*Vess v. Ciba-Geigy Corp. USA*, 317 F. 3d 1097, 1106 (9th Cir. 2003) (citation omitted).) The plaintiff alleging fraud must also "set forth an explanation as to why the statement or omission complained of was false or misleading."  (*Hockey v. Medhekar*, 30 F. Supp. 2d 1209, 1213 (N.D. Ca. 1998) (citing *In re Glenfed, Inc. Sec. Litig.*, 42 F. 3d 1541, 1548 (9th Cir. 1994) (overruled by statute on other grounds).)  The complaint must be "specific enough to give defendants notice of the particular misconduct…so that they can defend against the charge and not just deny that they have done anything wrong."  (*Vess v. Ciba-Geigy Corp. USA, supra,* 317 F. 3d at 1106, internal punctuation and citations omitted.)

Further, where there are multiple defendants, "Rule 9(b) 'does not allow a complaint to…lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant." (*Destfino v. Reiswig*, 630 F. 3d 952, 958 (9th Cir. 2011) [affirming dismissal for failure to "set out which of the defendants made which of the fraudulent statements/conduct" and where the amended complaint continued to make "'everyone did everything' allegations"]; see also, *Moore v. Kayport Package Exp., Inc.*, 885 F. 2d 531, 541 (9th Cir. 1989) [allegations of fraud "must identify the time, place, and manner of each fraud plus the role of each defendant in each scheme."].)

The Fourth Cause of Action is alleged against Reliant, RLS Grantor LLC, Scott Grady, Sean Michaels, and the Trustee Defendants and generally alleges that Defendants Reliant, Michaels and Grady allegedly engaged in misrepresentations and omissions of material facts to potential investors. (FAC, ¶138.) The FAC alleges Plaintiffs are "informed and believe" that the "Trustee Defendants" "knew" that Reliant was "touting" the use of a trust structure on its website (FAC, ¶139) and that Defendants Michaels and Grady were fraudulently using investors' funds (FAC, ¶149).

The Fourth Cause of Action contains no specific facts that address the "who, what, where, when and how" of the essential elements of their claim sounding in fraud as to UMB. The FAC does not identify a specific person or persons at UMB who allegedly made the decision to allegedly engage in or allegedly aid and abet "wrongful and illegal conduct" (FAC, ¶¶147, 148.)

In short, none of the "who, what, where, when or how" as to UMB is provided in the Fourth Cause of Action, which sounds in fraud. Accordingly, the Fourth Cause of Action, for Violation of Corporations Code § 25504.1, should be dismissed as to UMB for failure to state with particularity the circumstances constituting the alleged fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

/ / /

/ / /

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**

## VIII.    THE FIFTH CAUSE OF ACTION, FOR BREACH OF FIDUCIARY DUTIES, FAILS AS TO UMB.

The Fifth Cause of Action, for Breach of Fiduciary Duty, also fails as to UMB.  The elements of breach of fiduciary duty are (1) the existence of a fiduciary relationship; (2) its breach; and (3) damage proximately caused by that breach.  (*Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991)).  The FAC does not allege details or specific facts establishing a fiduciary relationship between the Reed Plaintiffs and UMB.  Instead, the FAC alleges UMB did not even become an alleged trustee of the Reliant trust until nearly a year *after* the Reed Plaintiffs allege they invested in the Reliant Life Shares "life settlement" program on July 29, 2014 (FAC, ¶¶12, 43).  Nor does the FAC allege details or specific facts establishing a relationship between the alleged class plaintiffs and UMB.

In the absence of specific allegations against each defendant, the FAC offers conclusions in the Fifth Cause of Action.  The FAC has "not sufficiently alleged that a fiduciary relationship existed" between Plaintiffs and UMB.   (See, *Yamauchi v. Cotterman*, 84 F. Supp. 3d 993, 1016 (N.D. Cal. 2015).)  Instead, the Fifth Cause of Action is alleged against Reliant, RLS Grantor LLC, Scott Grady, Sean Michaels, and the Trustee Defendants and generally alleges that the Trustee Defendants collectively "owed fiduciary duties" to beneficiaries of the Reliant Trusts (FAC, ¶ 154).  Such generalized pleading is insufficient to sustain this cause of action.  The Fifth Cause of Action, for Breach of Fiduciary Duty, should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IX.    THE FIFTH [SIC] CAUSE OF ACTION, FOR FINANCIAL ELDER ABUSE, FAILS AS TO UMB.

The Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.), fails as to UMB.  Financial elder abuse occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both," "[a]ssists

13

in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both," or "[t]akes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70."  (Cal. Welf. & Inst. Code § 15610.30(a).)

"A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult."  (Cal. Welf. & Inst. Code § 15610.30(b).)  The statute applies where a person or entity knew or should have known this conduct was likely to be harmful to an elder adult sixty-five years of age or over.  (Cal. Welf. & Inst. Code §§ 15610.30(b), 15610.27).

To assert a claim for financial abuse of an elder, a plaintiff "must plead that the defendant 'knows the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other to so act.'"  (*Millare v. Bank of America, N.A.*, No. CV 21-8398 PA (KESx), 2022 WL 1843133, at *3 (C.D. Cal. Jan. 25, 2022) (quoting *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 744-45, (2010).)  As recognized in *Das v. Bank of Am., N.A.*, when "a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct."  (*Das v. Bank of Am., N.A.*, 186 Cal. App. 4th at 745 [demurrer properly sustained].  See also, *Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 658 (2016) ["under subdivision (b) of 15610.30, wrongful conduct occurs only when the party who violates the contract actually knows that it is engaging in a harmful breach, or reasonably should be aware of the harmful breach."].)

Elder Abuse claims sound in fraud and are subject to the heightened pleading standards contained in Rule 9(b) of the Federal Rules of Civil Procedure.  (See, *Parducci v. Overland Solutions, Inc.*, 399 F. Supp. 3d 969 (N.D. Cal. 2019) [elder abuse claim dismissed for failure to plead with requisite particularity to satisfy Rule 9(b)].)

Here, in the absence of specific allegations against each defendant, the FAC offers conclusions in the cause of action for Financial Elder Abuse.  This cause of action is alleged against all defendants and generally alleges that "Defendants' conduct in selling to Plaintiff James Reed and the other members of the Elder Abuse Subclasses Reliant Life Share investments was a predatory practice."  (FAC, ¶164.)  The FAC further claims all of the defendants knew which investors were over the age of 65, but it fails to explain how the Trustee Defendants, including UMB, "knowingly assisted and aided and abetted" Defendants Reliant, Michaels, and Grady in alleged Financial Elder Abuse.  (FAC, ¶165.)  As previously mentioned, the FAC alleges UMB did not even become an alleged trustee of the Reliant trust until nearly a year *after* Plaintiff James Reed allegedly invested in the Reliant Life Shares "life settlement" program on July 29, 2014 (FAC, ¶¶12, 43).  Moreover, this cause of action does not list a single officer, director or managing agent of corporate defendant UMB who is alleged to have authorized or ratified the alleged abuse.

Such generalized pleading fails to plead with particularity the detailed and specific facts required to sustain this statutory cause of action against UMB.  The Fifth [sic] Cause of Action, for Financial Elder Abuse (Welfare & Institutions Code § 15600 et seq.), should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for failure to state with particularity the circumstances constituting the alleged fraud pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.

## X.    THE SIXTH CAUSE OF ACTION, FOR UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17203 ET SEQ.), FAILS AS TO UMB.

The Sixth Cause of Action for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.), also fails as to UMB.  This cause of action alleges a violation of California's Unfair Competition Law ("UCL").  The UCL prohibits "any unlawful, unfair or *fraudulent* business act or practice."  (Cal. Bus. & Prof. Code § 17200, emphasis

added.)  A UCL plaintiff must "ha[ve] suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition."  (Cal. Bus. & Prof. Code § 17204). "The phrase 'as a result of means 'caused by' and requires a showing of a causal connection" between the alleged act of unfair competition and the loss of money or property.  (*Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 855 (2008).)

The UCL cause of action should be dismissed as the allegations fail to plead *factual content* that allows the Court to draw the reasonable inference that UMB allegedly is liable for the misconduct alleged.  (*Ashcroft v. Iqbal, supra*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.)  Instead, the FAC alleges that Plaintiffs have suffered injury in fact and have lost money as an alleged result of the defendants' allegedly "unfair, unlawful and deceptive" business practices."  (FAC, ¶¶171, 174.)  The FAC's UCL claim utterly fails to describe any unlawful, unfair, or fraudulent business act or practice as to UMB.  The generic allegations apply equally to all defendants and Doe defendants 1 through 20.  Such "formulaic recitation of the elements" of the cause of action are conclusory and not entitled to be assumed to be true.  (*Ashcroft v. Iqbal, supra*, 556 U.S. 662, 681, 129 S. Ct. 1937, 173 L. Ed. 2d 868.)

Additionally, "[w]hile fraud is not a necessary element of a claim under the . . . UCL, a plaintiff may nonetheless allege that the defendant engaged in fraudulent conduct.  A plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim.  In that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b)."  (*Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009), citations omitted.)  Here, the FAC alleges both a failure to disclose and negligent misrepresentations in support of the UCL cause of action (FAC, ¶¶171, 172), grounding this cause of action in fraud.  However, as to any alleged wrongdoing by UMB, the FAC alleges merely that the "Trustee Defendants" allegedly engaged in "unfair, unlawful and deceptive business practices" and "knew or should have known that Reliant was engaging in unfair, unlawful and deceptive business practices, [and] substantially assisted Reliant

in such violations." (FAC, ¶174.)  These allegations are boilerplate and fail to state with reasonable particularity the facts supporting the claims as to UMB so as to satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  The FAC fails to indicate how any of the alleged misrepresentations were made, which defendant made them, to whom they were made, or when they were made – or how UMB allegedly "knew or should have known that Reliant was engaging in unfair, unlawful and deceptive business practices" or how UMB allegedly "substantially assisted" reliant in such alleged violations.  In the absence of such factual particularity, it cannot be determined whether any alleged misrepresentations could have misled, or any plaintiff's alleged reliance thereon.  Accordingly, the Sixth Cause of Action for Unfair Business Practices (Bus. & Prof. Code §§ 17203 et seq.), should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Additionally, Plaintiffs appear to be seeking the amount of their investments, "to be proven at trial," and equitable remedies, including, but not limited to restitution, disgorgement, and an equitable accounting. (FAC ¶178.)  However, a plaintiff's recovery for a UCL claim is generally limited to injunctive relief and restitution, and damages are not available.  (*Pfizer Inc. v. Superior Court (Galfano)* (2010) 182 Cal. App. 4th 622, 631, review denied.  See also, *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 179 (1999), and *Inline, Inc. v. A.V.L. Holding Co.* (2005) 125 Cal. App. 4th 895, 903.)  Nor is non-restitutionary disgorgement an available remedy.  (*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1145, 1148 (2003).)  Accordingly, the claims for disgorgement and an equitable accounting should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

1 | **XI.    THE DEMANDS FOR PUNITIVE AND EXEMPLARY DAMAGES**
2 | **FAILS AS A MATTER OF LAW AND MUST BE DISMISSED.**

The Federal Rules of Civil Procedure allow the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Fed. R. Civ. P. 12(f).)   While some circuits allow courts to strike damages from a pleading pursuant to Rule 12(f), the Ninth Circuit sees an attempt to "strike" damages as more appropriately decided through a 12(b)(6) motion or motion for summary judgment. (See, *Whittlestone Inc., v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).) Therefore, the propriety of the FAC's demand for punitive and exemplary damages is to be determined in the same manner as the other matters at issue in this Motion to Dismiss.

Under California law, punitive or exemplary damages are recoverable only when a plaintiff proves "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  (Cal. Civ. Code § 3294(a).)  California courts disfavor punitive damages and will carefully scrutinize any such claim.  As the California Court of Appeals reasoned in *Henderson v. Sec. Nat'l Bank*, 72 Cal. App. 3d 764 (1977):

> Such damages are never awarded as a matter of right; they are not favored by the law and they should be granted with the greatest of caution; they will be allowed only in the clearest of cases.  To justify their award there must be proof of malice in fact, such malice will not be implied by law; and such malice will never be established by "mere speculation."  (*Id.*, 72 Cal. App. 3d at 771, citations omitted.)

Although federal standards govern the pleading requirements applicable to Plaintiffs' claims for punitive damages, "the application of the pleading standards set forth in *Twombly* and *Iqbal* to claims for punitive damages under California law serves the salutary purpose of harmonizing standards applicable to state and federal proceedings while avoiding unnecessary pleading distinctions between consequential and punitive damages claims in diversity proceedings in federal court."  (See, *Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010).)

18

Even supposing a plaintiff may generally aver the elements of "oppression, fraud, or malice" when stating a section 3294 claim under federal law, "Rule 8 does not empower [a plaintiff] to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." (*Dilley v. C.R. Bard, Inc.*, No. 2:14-cv-01795-ODW(ASx), 2014 WL 1338877, *5 (C.D. Cal. April 3, 2014), quoting *Ashcroft v. Iqbal, supra*, 556 U.S. at 686-87, 129 S. Ct. at 1937, 173 L. Ed. 2d 868.)

In this case, Plaintiffs seek to recover punitive or exemplary damages against UMB under their causes of action for Violation of California Corporations Code § 25504.1, Breach of Fiduciary Duty, and Financial Elder Abuse.  As discussed above, all of these causes of action fail to state a claim upon which relief can be granted and should be dismissed as to UMB.

Additionally, the FAC makes a series of boilerplate allegations of "oppression, fraud, and malice," on the part of all defendants (with virtually no factual details that are specific to UMB) which are insufficient to state a claim for punitive damages under the pleading standards set forth in *Bell Atl. Corp. v. Twombly, supra*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929, and *Ashcroft v. Iqbal, supra*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868.  (See, *Kelley v. Corrections Corp. of America, supra,* 750 F. Supp. 2d 1132, 1147-1148.)

Moreover, the FAC does not list a single officer, director or managing agent of UMB who is alleged to have authorized or ratified any specific bad conduct of a specific employee(s), what the specific offending conduct was, and why any alleged authorization or ratification would give rise to a claim for punitive or exemplary damages.  (See, Cal. Civ. Code § 3294(b) [" An employer shall not be liable for damages pursuant to subdivision (a) . . . unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice.  . . . [T]he advance knowledge

19

and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."].  See also, Cal. Welf. & Inst. Code § 15657.5(c) [requirements of Cal. Civ. Code § 3294(b) "shall be satisfied before any punitive damages may be imposed against an employer found liable for financial abuse as defined in Section 15610.30."].)

Such failure is fatal to the FAC's claims for punitive and exemplary damages against corporate defendant UMB.  (See, *Dilley v. C.R. Bard, Inc., supra,* 2014 WL 1338877, *5 [granting defendants' Motion to Strike plaintiff's punitive damages request where plaintiff "barely identifies Defendants' conduct underlying his . . .  claims—much less states how that conduct rises to the level of 'oppression, fraud, or malice.'. . . Neither has [plaintiff] parsed out the actions of any of Defendants' employees and how either [Defendant is] liable for punitive damages as a result of those actions as specified under section 3294(b)."  See also, *Ortega v. Natural Balance, Inc.*, No. CV 13–05942 ABC (Ex), 2013 WL 6596792, * 5 (C.D. Cal. December 16, 2013) [". . . § 3294's requirement that a corporation may be liable for punitive damages only if the wrongful conduct was committed by an officer, director, or managing agent is a substantive element of the claim, not a procedural requirement like heightened pleading.  Because Plaintiffs have failed to plead this substantive element, their punitive damages claim is DISMISSED, but with leave to amend."].

Accordingly, the claims for punitive damages and any supporting allegations related thereto should be dismissed as to UMB for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## XII.       CONCLUSION

For the foregoing reasons, UMB respectfully requests that the Court grant its Motion and dismiss the FAC in its entirety as to UMB.


Dated:  January 5, 2024                    Respectfully submitted,

                                           **CLARK HILL LLP**


                                           By:    /s/ Dean A. Olson
                                                  Dean A. Olson
                                                  Wendi J. Frisch
                                           Attorneys for Defendant UMB BANK, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for defendant UMB BANK, N.A., certifies that this brief contains 6,983 words, which complies with the word limit of L.R. 11-6.1.

Dated:  January 5, 2024                     Respectfully submitted,

                                            **CLARK HILL LLP**


                                            By:    /s/ Dean A. Olson
                                                   Dean A. Olson
                                                   Wendi J. Frisch
                                            Attorneys for Defendant UMB BANK, N.A.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UMB BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FRCP RULES 12(B)(6), 9(B), AND 8(A)**