DAVID W. TUFTS (Bar No. 180817)
david.tufts@dentons.com
MATTHEW J. ORME (Utah Bar No. 13323)
matt.orme@dentons.com
*pro hac vice*
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Tel: (801) 415-3000 / Fax: (801) 415-3500

STEPHEN A. WATKINS (Bar No. 205175)
Stephen.watkins@dentons.com
**DENTONS US LLP**
601 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5704
Tel: (213) 623-9300 / Fax: (213) 623-9924

Attorneys for Defendant
BANK OF UTAH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GWENDALYN DOUGLASS, <br><br> Plaintiff, <br><br> vs. <br><br> RELIANT LIFE SHARES LLC, et al., <br><br> Defendants. | Case No.  2:23-cv-00460-SB-AGR <br><br> **DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| JAMES REED and CAROLYNN REED, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RELIANT LIFE SHARES, LLC, et al., <br><br> Defendants. | Date:  February 9, 2023 <br> Time:  8:30 a.m. <br> Courtroom:  6C <br> Judge: Hon. Stanley Blumenfeld, Jr. <br><br> Action Filed: <br> Trial Date: |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

SL_6539558

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................... 1

II.   BACKGROUND ..................................................................................... 2

III.  LEGAL STANDARD ............................................................................. 4

IV.   ARGUMENT .......................................................................................... 5

A.    Plaintiffs Do Not Plausibly Allege That Bank of Utah
is the Cause of Their Damages. ................................................... 5

B.    Plaintiffs Do Not Sufficiently Allege Conduct to Establish
Liability. ...................................................................................... 10

1.    The Court Should Dismiss All Claims Against
Bank of Utah in its Individual Capacity. .......................... 10

2.    The Court Should Dismiss Plaintiffs' Fraud-
Based Claims. ..................................................................... 13

3.    The Court Should Dismiss Plaintiffs' Civil
Conspiracy Claim. .............................................................. 18

C.    Plaintiffs Cannot State an Individual Claim Against Bank
of Utah Solely in Its Capacity as Successor Trustee. .......................... 19

V.    CONCLUSION ...................................................................................... 19

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

# <u>TABLE OF AUTHORITIES</u>

**Pages**

**CASES**

*Ajetunmobi v. Clarion Mortg. Cap., Inc.*, No. SACV 12-0568 DOC, 2012 WL 2945051 (C.D. Cal. July 17, 2012) ...................................... 15

*Anderson v. Fitness Internat.*, LLC (2016) 4 Cal. App. 5th 867 (2017) ...................... 5

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503 (1994) ................ 18

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................... 4

*Avakian v. Wells Fargo Bank, N.A.*, 827 F. App'x 765 (9th Cir. 2020) .................... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) ...................................... 5

*Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal.App.4th 1179 (2004) ............ 5

*Daro v. Superior Court*, 151 Cal.App.4th 1079 (2007) ................................ 6, 10

*Do v. American Home Mortg. Servicing, Inc.*, No. SACV 11–324–JST (JCGx), 2011 WL 5593935 (C.D. Cal. Nov. 17, 2011) .............................. 6

*First Union Nat. Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616 (8th Cir. 2007) ......................................................................... 11

*Halberstam v. Welch,* 705 F.2d 472 (D.C. Cir. 1983) ...................................... 18

*Haskett v. Villas at Desert Falls*, 90 Cal. App. 4th 864 (2001) ........................... 13

*Hollifiel v. Resolute Cap. Partners Ltd., LLC*, No. 2:22-CV-07885-SB-RAO, 2023 WL 4291524 (C.D. Cal. May 12, 2023) ...................................... 17

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ............................. 4

*Knous v. United States*, 683 F. App'x 859 (11th Cir. 2017) ............................... 9

*M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*, No. 12-CV-1424 CAB (BLM), 2013 WL 12072526 (S.D. Cal. June 26, 2013) ...................................... 18

*Manookian v. Bona L. P.C.*, No. 21-CV-0562-WQH-BLM, 2021 WL 5178619 (S.D. Cal. Nov. 8, 2021) .......................................... 10

*Moran v. Bromma*, 675 F. App'x 641 (9th Cir. 2017) .................................... 14

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir. 1993) ........................................ 14

*Neukranz v. Conestoga Settlement Servs., LLC*, No. 3:19-CV-1681-L, 2022 WL 19518465 (N.D. Tex. Nov. 14, 2022) .................................... 15

*Neukranz v. Conestoga Settlement, LLC*, No. 3:19-CV-1681-L, 2023 WL 2574191 (N.D. Tex. Mar. 16, 2023) .................................... 15

*Newman v. Bank of New York Mellon*, No. 1:12-CV-1629 AWI MJS, 2017 WL 4325772 (E.D. Cal. Sept. 29, 2017) .................................... 7

*Oster v. OneWest Bank, F.S.B.*, No. EDCV1200645MMMRZX, 2012 WL 13015020 (C.D. Cal. July 5, 2012) ................................... 6, 7

*Parkinson v. Robanda Int'l, Inc.*, 641 F. App'x 745 (9th Cir. 2016) ...................... 9

*Rolon v. Henneman*, 517 F.3d 140 (2d Cir. 2008) ......................................... 5

ii

DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

SL_6539558

*Ruegsegger v. Caliber Home Loans, Inc.*, No. SACV170907DOCKESX,
  2019 WL 8163640 (C.D. Cal. Jan. 8, 2019) ............................................................ 10

*Sanchez v. Kern  Emergency Med. Transportation Corp.*,
  8 Cal. App. 5th 146 (2017) ......................................................................................... 5

*Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001) ............................... 4

*Stine v. Dell'Osso*, 230 Cal. App. 4th 834 (2014) ..................................................... 19

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ................................................. 14

*Warren v. Fox Fam. Worldwide, Inc*., 328 F.3d 1136 (9th Cir. 2003) ......................... 4

*Xueying Zhai v. Hongjie Zhang*, No. CV1704946SJORAOX,
  2018 WL 6137610 (C.D. Cal. Feb. 20, 2018) .................................................... 5, 10

**STATUTES**

Cal. Bus. & Prof. Code § 17200 .................................................................................. 5

Cal. Bus. & Prof. Code § 17204 .................................................................................. 6

Cal. Corp. Code § 25504.1 .......................................................................................... 5

Cal. Prob. Code § 1800 .............................................................................................. 12

Cal. Prob. Code § 18000 ............................................................................................ 11

Cal. Prob. Code § 8002 .............................................................................................. 13

Cal. Welf. & Inst. Code § 15610.30(a) ...................................................................... 6

Connecticut General Statutes § 34–523(b) ........................................................... 1, 11

**OTHER AUTHORITIES**

Restatement (Third) of Trusts § 106 (2012) ............................................................. 11

**RULES**

Fed. R. Civ. P. 8 ......................................................................................................... 17

Fed. R. Civ. P. 9 ......................................................................................................... 16

Fed. R. Civ. P. 9(b) .................................................................................... 1, 14, 15, 17

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 4

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

iii

DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

SL_6539558

# I.    INTRODUCTION

Plaintiffs James Reed and Carolynn Reed's ("Plaintiffs")[1] First Amended Complaint ("FAC") fails to plausibly allege any involvement by Defendant Bank of Utah.  Throughout the FAC, Plaintiffs paint with an extremely broad brush.  Rather than distinguishing the conduct of the various parties that served as *trustee* at different times, Plaintiffs define these parties collectively as "Trustee Defendants." This practice of lumping defendants together is especially egregious as it relates to Bank of Utah because Bank of Utah did not agree to be successor trustee for the first time until June 29, 2022.  This was *years* after the purported fraud and looting that led to Plaintiffs' claimed damages.  All of Plaintiffs' causes of action against Bank of Utah fail because, under their own alleged timeline, they have failed to plausibly allege facts that could be deemed wrongful or that would support causation against Bank of Utah.

Second, Plaintiffs' claims against Bank of Utah in its individual capacity also fail because they are barred by Connecticut General Statutes § 34–523(b) and California Probate Code 18000, which *bar* or limit, respectively, individual liability against a trustee.  The plain language of the FAC brings claims only against Bank of Utah in its capacity as trustee, and Bank of Utah clearly executed all trust documents in its capacity as Successor Trustee. Plaintiffs fail to plausibly allege negligence or intentional misconduct against Bank of Utah and therefore fail to establish personal fault. Under these circumstances, the law bars any personal liability arising from Bank of Utah's actions as trustee of the Reliant Trusts.

Third, the majority of Plaintiffs' claims are based in fraud, but Plaintiffs fail to plead their allegations with the requisite degree of particularity under Rule 9(b).  The

---

[1] Plaintiff Douglass does not assert allegations against Defendant Bank of Utah.

1

SL_6539558

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

FAC fails to allege any specific wrongful conduct by Bank of Utah that resulted in any damage or harm to Plaintiffs.

Finally, the Court should reject Plaintiffs' attempt to bootstrap a claim against Bank of Utah via Plaintiffs' allegations of "civil conspiracy" and "aiding and abetting." Plaintiffs have not plausibly asserted any facts to establish an agreement for conspiracy. Nor have they alleged any specific facts that would support a position that the Bank of Utah knowingly acted wrongfully—a prerequisite to establishing a claim for aiding and abetting.

Plaintiffs' FAC against Bank of Utah must be dismissed.

## II.    BACKGROUND

Plaintiffs assert that Defendants Reliant Life Shares, LLC and its alter ego, RLS, Grantor, LLC, a California corporation ("RLS Grantor") (collectively "Reliant") marketed a "life settlement" investment program. (FAC ¶ 2). Plaintiffs contend Reliant promoted its program to investors as safe and secure based on Reliant's "trust structure" whereby large banks acted as institutional trustees of Reliant Life Shares Series Statutory Trust. (FAC ¶ 2). According to Plaintiffs, this is a trust that purported to hold and secure investor funds, the underlying insurance policies, and provided each investor with the secured status as a "Beneficiary" of a statutory trust controlled by a financial institution with large assets (the "Reliant Trust") (FAC ¶ 2).

Plaintiffs further allege that individual Defendants Scott Grady and Sean Michaels were owners, managers, officers and/or directors of Reliant and they misappropriated trust funds for their own use (FAC ¶¶ 16-18)—years before Bank of Utah became successor trustee for the first time in June of 2022.

When the events alleged in the FAC are set forth in sequence, it becomes readily apparent that Plaintiffs cannot state a claim against Bank of Utah as it has nothing to do with the harm alleged by Plaintiffs:

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

2

SL_6539558

| Date | Allegation |
|------|-----------|
| July 29, 2014 | Plaintiffs invested in Reliant Life Shares "life settlement" program. (FAC ¶ 32) |
| June 15, 2015 | Reliant as Grantor and UMB Bank as trustee entered into a written agreement entitled "Agreement and Declaration of Trust" ("UMB Trust Agreement") (FAC ¶ 43, Ex. G) |
| June 16, 2015 | Reliant and First Western Trust Bank ("First Western") entered into a written agreement entitled "Reliant Life Shares Series Statutory Trust 2 Agreement and Declaration of Trust" ("First Western Bank Series 2 Trust Agreement"), in which Reliant is the Grantor and First Western in the trustee.  (FAC ¶ 47, Ex. H) |
| December 21, 2015 | Reliant filed a lawsuit against Daniel Cooper who was a member and 1/3 owner of Reliant in Case No. BC604858 in the Los Angeles County Superior Court (the "Cooper Litigation"). Cooper filed a cross-complaint against Reliant, Grady and Michaels, alleging, among other things, fraud and mismanagement. Defendants further failed to disclose that for years Grady and Michaels engaged in self-dealing and improper dissipation of trust assets. (FAC ¶ 16.) |
| September 6, 2019 | The trial court in the Cooper Litigation on September 6, 2019 made findings that Michaels and Grady misappropriated funds and, in late 2018, there were occasions when Reliant did not maintain enough funds in its bank accounts to pay its monthly expenses. (FAC ¶¶ 80-81, Ex. V.) |
| October 6, 2020 | Daniel B. Cooper and Richard Cooper obtained a Second Amended Judgment in the Cooper Litigation jointly and severally against Defendants Sean Michaels, Scott Grady and Reliant for over $10 million.  (FAC ¶82, Ex. W) |
| June 21, 2021 | Reliant, not the trustee, sent a capital-call letter to Plaintiffs for premium payments. (FAC ¶ 76, Ex. R.) |
| Jan 23, 2022 | Defendant Reliant sent another capital call letter to Plaintiffs. (FAC ¶ 77, Ex. S) |
| **June 29, 2022** | Bank of Utah appointed as Successor Trustee to UMB Bank for June 15, 2025 UMB Trust. Reliant as Grantor entered into a written agreement entitled "Instrument of Resignation, Appointment and Acceptance" ("Instrument of Resignation"), in which UMB Bank resigned as trustee of the Reliant Trust and Bank of Utah was appointed as "Successor Trustee".  (FAC ¶ 49, Ex. J) |
| **December 29, 2022** | Bank of Utah appointed as Successor Trustee to UMB Bank First Western Bank Series 2 Trust.  (FAC ¶ 52, Ex. K) |
| **February 21, 2023** | Reliant sent a letter to Plaintiffs for a premium payment. Plaintiffs complied with that demand.  (FAC ¶ 78, Ex. T) |

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

3

SL_6539558

| Date | Allegation |
|---|---|
| **June 2023** | Bank of Utah tendered a letter of resignation.  (FAC ¶ 50) |

Notwithstanding Plaintiffs' penchant to lump Bank of Utah in with the other "Trustee Defendants", Plaintiffs' allegations against Bank of Utah can be summarized as follows:

1. Allegedly permitting Reliant to use misleading references to Bank of Utah to market the life settlement investment program (FAC ¶ 2, 3, 4, 54, 97(v),(vii), 107, 115, 117, 119, 139-144);

2. Allegedly permitting misrepresentations by Reliant regarding its life settlement investment program (FAC ¶¶ 110, 115, 119, 139-144, 156,174);

3. Allegedly failing to disclose that Grady and Michaels were committing wrongdoing, including "looting" Reliant (FAC ¶¶ 13, 15, 16, 17, 20, 21, 36, 50, 57, 111, 116, 118);

4. Allegedly failing to safeguard trust funds (FAC ¶¶ 25, 26, 57, 112, 116, 118); and

5. Allegedly failing to disclose or provide notice of activities regarding the trust, such as modifications.  (FAC ¶¶ 36, 60, 154, 157)

## III.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also In re Gilead Scis. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008). Dismissal is warranted where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. Courts "do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Fam. Worldwide, Inc*., 328 F.3d 1136, 1139 (9th Cir. 2003). Likewise, "[t]he court need not…accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), opinion

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

4

amended on other grounds on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001) (citations omitted). Conclusory allegations and "formulaic recitation[s]" are insufficient to withstand a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007), *see also Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (the court is "not bound to accept conclusory allegations or conclusions masquerading as factual conclusions") (internal quotation omitted).

## IV.    ARGUMENT

### A.    Plaintiffs Do Not Plausibly Allege That Bank of Utah is the Cause of Their Damages.

Plaintiffs assert six causes of action against Bank of Utah: negligence (first cause of action), gross negligence (second cause of action), violation of Cal. Corp. Code § 25504.1 (fourth cause of action)[2], breach of fiduciary duty (fifth cause of action), elder abuse (sixth cause of action), and unfair business practices in violation of Cal. Bus. & Prof. Code § 17200 ("UCL") (seventh cause of action).

All of these causes of action require that Bank of Utah cause damage to Plaintiffs. Plaintiffs' claim**s** for negligence and gross negligence require them to establish causation. *Sanchez v. Kern Emergency Med. Transportation Corp.,* 8 Cal. App. 5th 146, 168 (2017); *See Anderson v. Fitness Internat.*, LLC (2016) 4 Cal. App. 5th 867, 881 (2017). Plaintiffs' fourth cause of action for violation of Cal. Corp. Code § 25504.1 requires plausible allegations of causation. *Xueying Zhai v. Hongjie Zhang*, No. CV1704946SJORAOX, 2018 WL 6137610, at *5 (C.D. Cal. Feb. 20, 2018). Causation is an element of breach of fiduciary duty. *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal.App.4th 1179, 1183 (2004).

---

[2] The third cause of action is not alleged against Bank of Utah.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

SL_6539558

1    In the same manner, Plaintiffs have standing under the UCL only if they

2    "suffered injury in fact and ... lost money or property as a result of the unfair

3    competition." Cal. Bus. & Prof. Code § 17204.

4    Finally, Plaintiffs' elder abuse cause of action requires a showing that Bank of

5    Utah "took, appropriated, obtained or retained real or personal property of an elder, or

6    assisted in doing so." Cal. Welf. & Inst. Code § 15610.30(a).

7    When a plaintiff fails to plead plausible causation of the damages claimed, the

8    claim should be dismissed. "There is no causation 'when a complaining party would

9    suffer the same harm whether or not a defendant complied with the law,'" *Do v.*

10    *American Home Mortg. Servicing, Inc*., No. SACV 11–324–JST (JCGx), 2011 WL

11    5593935, *5 (C.D. Cal. Nov. 17, 2011) quoting *Daro v. Superior Court*, 151

12    Cal.App.4th 1079, 1099 (2007)). *Oster v. OneWest Bank, F.S.B*., No.

13    EDCV1200645MMMRZX, 2012 WL 13015020, at *8 (C.D. Cal. July 5, 2012), is

14    instructive on this point.

15    In *Oster*, the plaintiffs were retired senior citizens with limited income who

16    obtained a mortgage loan from IndyMac. 2012 WL 13015020, at *1. In the years

17    after they obtained the mortgage loan, plaintiffs experienced financial hardship and

18    sought a loan modification. *Id.* at *1, 2. The plaintiffs alleged that because IndyMac

19    denied them a loan modification, they continued to make mortgage payments they

20    could no longer afford, and as a result, their financial situation allegedly grew worse,

21    and they now faced imminent default. *Id.* at *2. Just as in the current action, the

22    plaintiffs in *Oster* asserted negligence, violation of the UCL, and fraud-based claims.

23    *Id.*

24    The plaintiffs' negligence claim alleged that defendant IndyMac breached a

25    duty to them by failing to modify their loan. *Id.* at *8. In granting the defendant's

26    motion to dismiss, the Court held that the plaintiff's allegations in support of

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

6

SL_6539558

negligence causation were deficient.  "Assuming arguendo that IndyMac had such a duty and breached it, plaintiffs' allegations do not adequately plead harm flowing from the breach, **since they were already committed to making the high monthly payments required by the original loan**." *Id.* (emphasis added).

> To the extent plaintiffs suffered some cognizable form of damage as a result of IndyMac's failure to enter into a loan modification with them, they have not alleged it in the complaint. *See Twombly*, 550 U.S. at 556 (requiring that a complaint must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged]"); *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) ("Rule 8(a) requires the pleading of a plausible claim").

*Id.*

The Court in *Oster* similarly disposed of the plaintiffs' UCL claim for the same failure to plead causation.  *Id.* at *6, 9.  *See also Newman v. Bank of New York Mellon*, No. 1:12-CV-1629 AWI MJS, 2017 WL 4325772, at *10 (E.D. Cal. Sept. 29, 2017) (granting motion to dismiss negligence claim for failure to allege causation).

Similarly, in this case, Plaintiffs assert various damages claims, but there are no plausible allegations that specifically link Bank of Utah's alleged actions in late 2022 to Plaintiffs' damages that accrued at the very latest in early 2019.

Plaintiffs could not have relied on Reliant marketing material endorsed by Bank of Utah, as they invested in 2014. (FAC ¶ 32). Any failure to disclose that Grady, Michaels, and Reliant, committed wrongdoing, or failure to safeguard funds accrued at the latest on September 6, 2019, when the trial court in the Cooper Litigation made findings that Michaels and Grady misappropriated funds, and long before Bank of Utah had any involvement. (FAC ¶ 80, Ex. V).

Plaintiffs allege that that they were damaged by having to make increased premium payments due to depletion of investor funds.  (FAC ¶¶ 112, 121, 145-150, 178)  However, Plaintiffs' allegations make it clear that the loss of funds due to Grady

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

7

1    and Michaels had come to a head at the very latest in 2019 (FAC ¶ 80, Ex. V) and that

2    Reliant's financial situation was already resulting in additional premium charges by

3    2021 and January 2022 (FAC ¶¶ 76-77, 150). *See* Section IV.A, *supra*.

4         Moreover, Plaintiffs concede that their claims accrued prior to 2022, only that

5    they were prevented from discovering them:

6         Plaintiffs only began to discover the basis of the claims alleged
7         herein after the California Department of Financial Protection
         and Innovation ("Department") issued a Desist and Refrain
8         Order December 14, 2022… (FAC ¶ 18)

9         Plaintiffs and other members of the putative class were
         precluded from discovering the alleged claims prior to
10        December 14, 2022 because Defendants concealed from
         Plaintiffs and the members of the Class the mismanagement of
11        the Reliant Trust, which held the insurance portfolio, as well as
         the true risks and the true nature of the investments…(FAC ¶
12        19)

13        … Defendants concealed from Plaintiffs and the members of
         the Class the mismanagement of the Reliant Trust, which held
14        the insurance portfolio, as well as the true risks and the true
         nature of the investments, concealing, among other things,
15        information regarding likely annual returns, the risks that
         investors would have to make future, out-of-pocket payments to
16        keep the policies in force to protect their principal, the amount
         of expected future premiums, the data utilized in choosing the
17        life insurance policies to be sold to investors as investments,
         and the fact that Defendants Grady and Michaels were looting
18        Reliant and using investors funds which were supposed to be
         deposited into an account for the Reliant Trust to make future
19        premium payments.

20    (FAC ¶ 20)

21         Plaintiffs concede that the "wrongdoing" occurred years before December

22    2022:  "Plaintiffs discovered on or about August 15, 2023 in the Receiver's Ex Parte,

23    that Defendants concealed the wrongdoing for "**several years**". (Exhibit E, 4:9-15)."

24    (FAC ¶ 21)

25         Plaintiffs cannot have it both ways—they assert their claims accrued years ago

26    but are allegedly saved by the discovery rule, but then also claim Bank of Utah caused

27

28
                                        8

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

them the same harm that accrued years ago although Bank of Utah was not involved at that time.  Plaintiffs' sole allegation against Bank of Utah prior to 2022 is as follows:

> During relevant times herein alleged Defendant Bank of Utah, a wholly owned subsidiary of BOU Bancorp, Inc. is and was a Utah corporation doing business as Bank of Utah, ("Bank of Utah"). Beginning at least as early as 2016 Reliant held Bank of Utah out as a trustee of the Reliant Trust. A true and correct copy of a class member's form purchase agreement dated May 24, 2016 is attached as Exhibit I. In the purchase agreement, Reliant represents "Reliant Life Shares has contracted with UMB Bank/Bank of Utah to perform certain post-closing services as the Trustee . . ." Exhibit I at pp.2-3.

(FAC ¶ 48).

Plaintiffs' 2016 allegations against Bank of Utah are specious at best.  "Courts have repeatedly recognized that a slash…is used to separate alternatives." *Knous v. United States*, 683 F. App'x 859, 864 (11th Cir. 2017).  All that Plaintiffs have alleged is that Reliant stated that either UMB or Bank of Utah was an option to perform post-closing services, not that Bank of Utah actually did so or that any actions by Bank of Utah caused any specific harm to Plaintiffs.  A mere reference to Bank of Utah's possible limited involvement in the Reliant business on this single occasion in 2016 is insufficient to satisfy the plausibility standard.

Moreover, if Bank of Utah was acting as trustee with respect to Reliant in 2016, why would it be necessary to appoint Bank of Utah as successor trustee in June and December 2022 as alleged in Plaintiffs' exhibits?  *See, e.g., Parkinson v. Robanda Int'l, Inc.*, 641 F. App'x 745, 748 (9th Cir. 2016) (deeming plaintiff's allegations untrue because of contradictory exhibits, including a licensing agreement signed by plaintiff and an asset purchase agreement).

Plaintiffs do not plausibly allege that any conduct by Bank of Utah beginning June 29, 2022 was the reason why they had to pay premiums to keep the policies from

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1   lapsing.  There is not one fact pled that indicates Defendants Grady and Michaels
2   transferred investor funds from the Reliant Trust after June 29, 2022 when Bank of
3   Utah was first appointed as Successor Trustee for the UMB Trust. There are no dates
4   of transfers, and no specific allegations as to how Bank of Utah knew such transfers
5   were being made after June 2022.

6      Plaintiffs' failure to allege causation dooms their other causes of action.  "That
7   causal connection is broken when a complaining party would suffer the same harm
8   whether or not a defendant complied with the law." *Daro*, 151 Cal. App. 4th at 1099.
9   *See, e.g., Manookian v. Bona L. P.C.*, No. 21-CV-0562-WQH-BLM, 2021 WL
10  5178619, at *5 (S.D. Cal. Nov. 8, 2021) ("The Complaint does not adequately allege
11  facts to plausibly suggest this communication was a breach of Defendants' fiduciary
12  duty, or caused an injury to Plaintiff. The Motion to Dismiss Plaintiff's breach of
13  fiduciary duty claim is granted."); *Xueying Zhai v. Hongjie Zhang*, No.
14  CV1704946SJORAOX, 2018 WL 6137610, at *5 (C.D. Cal. Feb. 20, 2018) (granting
15  motion to dismiss Corporation Code claim where "there is an insufficient causal
16  connection between any alleged omission on Defendants' part and Plaintiff's decision
17  to invest in Elite."); *Ruegsegger v. Caliber Home Loans, Inc*., No.
18  SACV170907DOCKESX, 2019 WL 8163640, at *12 (C.D. Cal. Jan. 8, 2019) (UCL
19  claim dismissed due to failure to sufficiently plead causation).

20     Accordingly, Plaintiffs' FAC against Bank of Utah must be dismissed.

21   **B.    Plaintiffs Do Not Sufficiently Allege Conduct to Establish
22          Liability.**

23        1.    The Court Should Dismiss All Claims Against
24              Bank of Utah in its Individual Capacity.

25     The document that first introduced Bank of Utah as the successor trustee—the
26  June 29, 2022 "Instrument of Resignation, Appointment and Acceptance" in which
27  UMB Bank resigned as trustee of the Reliant Trust and Bank of Utah was appointed
28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

10

1  as "Successor Trustee"—asserts that it is governed by the law that governs the

2  original Trust Agreement.  (FAC, Ex. J).  The UMB Trust Agreement asserts that it is

3  governed by Connecticut law and that it is a statutory trust.  (FAC, Ex. G).

4        All of Plaintiffs' claims against Bank of Utah in its individual capacity are

5  barred by Connecticut Law.  Connecticut General Statutes § 34–523(b) provides

6  "[e]xcept to the extent otherwise provided in the governing instrument of a statutory

7  trust, a trustee, when acting in such capacity, shall not be personally liable to any

8  person other than the statutory trust or a beneficial owner for any act, omission or

9  obligation of the statutory trust or any trustee thereof." *See also First Union Nat.*

10 *Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 621 (8th Cir. 2007) (holding that

11 Section 34–523 could potentially bar individual liability against trustee completely).

12 Plaintiffs' individual capacity claims against Bank of Utah are completely barred

13 under Connecticut law. Connecticut General Statutes § 34–523(b); *First Union Nat.*

14 *Bank*, 477 F.3d at 621.

15        To the extent that California law applies,[3] California Law also bars Plaintiffs'

16 claims against Bank of Utah in its individual capacity.  Under California Law,

17 "[u]nless otherwise provided in the contract or in this chapter, a trustee is not

18 personally liable on a contract properly entered into in the trustee's fiduciary capacity

19 in the course of administration of the trust unless the trustee fails to reveal the

20 trustee's representative capacity or identify the trust in the contract." Cal. Prob. Code

21 § 18000. The Restatement (Third) of Trusts agrees, "unless otherwise provided in the

22 contract, a trustee who properly enters into a contract with a third party and discloses

23 that the trustee is acting in a representative capacity is not personally liable on the

24 contract." Restatement (Third) of Trusts § 106 (2012).

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

---

[3] The Series 2 Trust Agreement whereby Bank of Utah was appointed as Successor
Trustee of the Series 2 Trust Agreement is governed by California law. (FAC, Ex. K).
However, Connecticut Law should apply because that is what is specified in the
document whereby Bank of Utah becomes the successor trustee.  (FAC, Ex. J & G)

11

1    Bank of Utah has properly executed trust documents in its representative

2    capacity as trustee. Plaintiffs reference and incorporate several trust documents into

3    the FAC as exhibits. (*See* FAC Exhibits K, J, & M). Bank of Utah clearly executed all

4    of these trust documents in its capacity as Trustee. For example, Exhibit K of the

5    FAC, the Instrument of Termination, Appointment, and Acceptance dated

6    December 21, 2022, states that the document is binding on "Bank of Utah, a banking

7    corporation . . . ***solely in its capacity as successor trustee,***" this document was

8    executed by Randy R. Hahn for "Bank of Utah, ***as Successor Trustee***".

9    Exhibit J of the FAC is the Second Amended and Restated Agreement and

10    Declaration of Trust dated March 16, 2023. Exhibit J states that the Trust Agreement

11    is made "by and among Bank of Utah, a Utah state chartered bank, ***as trustee* . . .**" this

12    document is signed by "Bank of Utah, ***as Trustee, not in its individual capacity but***

13    ***solely as trustee of the Reliant Life Shares Series Statutory Trust***". Finally,

14    Exhibit M of the FAC, a Purchase and Sale Agreement, is signed by "Bank of Utah,

15    ***not in its individual capacity but solely in its capacity as trustee***". Plaintiffs'

16    allegations rely heavily on these documents that clearly limit Bank of Utah's liability

17    to its capacity as trustee. Therefore, Bank of Utah has not "fail[ed] to reveal [its]

18    representative capacity or identify the trust in the contract" as required by Cal. Prob.

19    Code § 1800.

20    The plain language of the FAC also shows that Bank of Utah is only involved

21    with Reliant in its trustee capacity. The FAC repetitiously refers to Bank of Utah as a

22    "Trustee Defendant" and alleges that Bank of Utah took actions and incurred duties

23    "as trustee on behalf of the Reliant Life Shares Statutory Trust." *See, e.g.*, FAC ¶ 118,

24    ("Trustee Defendants were required ***in acting as trustees of the Reliant Trust*** to

25    exercise the skill and knowledge normally possessed by members of that profession");

26    *see also* FAC ¶ 60, ("Bank of Utah, ***as trustee on behalf of Reliant Life Shares***

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

12

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  ***Series Statutory Trust*** entered into a purchase agreement with Superior Life Finance

2  LLC,") *see also* FAC ¶¶ 36, 107, 115, 119, 155, 157.[4]

3      There is a narrow exception to personal immunity of a trustee under California

4  law, but it does not apply here. Cal. Prob. Code § 18002 states that a trustee may be

5  held liable "only if the trustee is personally at fault." Courts have interpreted this to

6  mean, "[a] trustee thus cannot be held personally liable under section 18001 for any

7  obligation arising from his ownership or control of trust property, [or] for any torts

8  committed in the course of his administration of the trust, ***unless the party seeking to***

9  ***impose such personal liability on the trustee demonstrates that the trustee***

10 ***intentionally or negligently acted or failed to act in a manner that establishes***

11 ***personal fault***." *Haskett v. Villas at Desert Falls*, 90 Cal. App. 4th 864, 877–78

12 (2001) (emphasis added).  The FAC fails to sufficiently allege personal fault on the

13 part of Bank of Utah. This is because the allegations in the FAC fail to plausibly

14 establish that Bank of Utah's acts were the cause of the alleged financial harm to class

15 members. See Section IV.A., *supra*.

16      Accordingly, Plaintiffs' claims against Bank of Utah in its individual capacity

17 should be dismissed.

18      2.  The Court Should Dismiss Plaintiffs' Fraud-
        Based Claims.
19

20      Plaintiffs' lumping together of "Trustee Defendants" without specific facts

21 means Plaintiffs have failed to state a cause of action with respect to their claims that

---

22 [4] "Trustee Defendants, ***as trustees*** of the various Reliant Trusts, negligently
23 permitted and authorized Defendant Reliant to make representations. . . Trustee
   Defendants were required in acting ***as trustees of the Reliant Trust*** to exercise the
24 skill and knowledge normally possessed by members of that profession" (FAC ¶
   115); "Trustee Defendants were required in ***acting as trustees of the Reliant Trust***
25 to exercise the skill and knowledge normally possessed by members of that
   profession" (¶ 107); "none of the Beneficiaries were notified by Reliant or ***by Bank***
26 ***of Utah, as trustee***, of the new trust agreement, in violation of the existing fiduciary
   duties of Defendants" (¶ 36); "The Trustee Defendants also voluntarily undertook
27 duties to the beneficiaries of the Reliant Trusts based on the LISA Code of Ethics to
   which they agreed to operate their businesses ***when acting as trustees***" (FAC ¶ 155).

28

sound in fraud.  Federal Rule of Civil Procedure 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud or mistake." To comply with Rule 9(b), allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (internal quotation marks omitted).

Where, as here, Plaintiffs bring numerous claims against several defendants, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. (internal quotation omitted). In other words, "a plaintiff must, at a minimum, identif[y] the role of [each] defendant[ ] in the alleged fraudulent scheme." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal quotations and citations omitted).

Unfair business practices claims must meet the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *See Avakian v. Wells Fargo Bank, N.A.,* 827 F. App'x 765, 766 (9th Cir. 2020) ("[C]laims for unfair business practices, intentional misrepresentation, fraud, and negligent misrepresentation are all fraud-based claims, and must meet the heightened pleading requirements of Rule 9(b) . . ."); Elder Abuse claims also fall under Rule 9(b), *see Moran v. Bromma*, 675 F. App'x 641 (9th Cir. 2017) ("[t]he district court dismissed [plaintiff's] elder abuse claim for failure to comply with Rule 9(b)'s heightened pleading requirement. Specifically, the district court faulted [plaintiff] for treating Defendants as a group.")

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

14

SL_6539558

1    Plaintiffs' claims for Civil Conspiracy also clearly fall under the heightened

2  pleading standard, *see Ajetunmobi v. Clarion Mortg. Cap., Inc.*, No. SACV 12-0568

3  DOC, 2012 WL 2945051, at *7 (C.D. Cal. July 17, 2012), *aff'd*, 595 F. App'x 680

4  (9th Cir. 2014) ("Plaintiff fails to meet the particularity requirements of Rule 9(b) by

5  failing to allege facts that show any of the Defendants had a common plan or design.

6  Thus, like her other fraud-based claims, Plaintiff does not state a claim for civil

7  conspiracy to defraud.")

8    In an analogous case, the United States District Court for the Northern District

9  of Texas dismissed all claims against a life settlement escrow agent for failure to state

10  fraud claims with specificity. *See Neukranz v. Conestoga Settlement Servs., LLC*, No.

11  3:19-CV-1681-L, 2022 WL 19518465, at *13 (N.D. Tex. Nov. 14, 2022), report and

12  recommendation adopted sub nom. *Neukranz v. Conestoga Settlement, LLC*, No. 3:19-

13  CV-1681-L, 2023 WL 2574191 (N.D. Tex. Mar. 16, 2023).

14    In *Neukranz*, the plaintiffs argued that the escrow agent "never properly

15  established the escrow accounts and instead directed the investors' funds wherever

16  [Life Settlement Company] instructed." *Id*. at *13. The plaintiffs also alleged

17  generally that the escrow agent placed investor funds in accounts controlled by the

18  seller and failed to fulfill escrow duties. *Id*. But the Court held that Plaintiffs had not

19  set forth specific facts to support an inference that the escrow agent "knew that the

20  life expectancy, premium cost, and premium reserve information was . . . false, or that

21  it intended to include the false information in the marketing materials to investors."

22  *Id*. Ultimately, the Court held that "[m]ore is required than simply alleging, on

23  information and belief, that [escrow agent] made material misrepresentations and

24  material omissions coupled with conclusory allegations of intent" *Id*. The facts in this

25  case are profoundly similar, and this Court should apply the same approach.

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

15

DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

SL_6539558

Likewise, in the present case, Plaintiffs bring several fraud-based claims that are subject to the heightened pleading standard of FRCP Rule 9. Specifically, alleged violations of the California Corporate Code, Unfair Business Practices, Elder Abuse, and Civil Conspiracy are all "fraud-based" in this context.

The primary allegations against Bank of Utah sound in fraud/concealment:

1.  Allegedly permitting Reliant to use misleading references to Bank of Utah to market the life settlement investment program (FAC ¶ 2, 3, 4, 54, 97(v),(vii), 107, 115, 117, 119, 139-144);

2.  Allegedly permitting misrepresentations by Reliant regarding its life settlement investment program (FAC ¶¶ 110, 115, 119, 139-144, 156,174);

3.  Allegedly failing to disclose that Grady and Michaels were committing wrongdoing, including "looting" Reliant (FAC ¶¶ 13, 15, 16, 17,20, 21, 36, 50, 57, 111, 116, 118);

4.  Allegedly failing to disclose or provide notice of activities regarding the trust, such as modifications.  (FAC ¶¶ 36, 60, 154, 157)

However, throughout the FAC, Plaintiffs' factual allegations continually refer to the "Trustee Defendants" as a group and make conclusory allegations that are not supported by factual claims. The "Trustee Defendants" include Defendants Wilmington Savings Fund Society, FSB dba Christian Trust; UMB Bank n.a., a division of UMB Financial Corporation, Bank of Utah, and First Western Trust Bank. (FAC ¶ 3). Failing to distinguish between Defendants and failing to allege specific facts to support fraud claims is fatal to any fraud-based claims alleged in the FAC.

Several examples of Plaintiffs' failure to plead fraud-based claims with necessary specifics include:

Plaintiffs are informed and believe that each of the Trustee Defendants knowingly authorized Reliant to use each Trustee Defendant's name and reputation in the Life Settlement Industry to be used by Defendant Reliant's written marketing brochures ("Brochure") which informed potential investors that each Trustee Defendant would serve as an "independent escrow agent and trustee." (FAC ¶ 63)

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

16

SL_6539558

1

2

3

> The Trustee Defendants knew that Defendant Reliant was making specific affirmative representations in its Closing Packages, on its website, and in its marketing Brochures to potential investors about the Trustee Defendants to induce investors to invest in Reliant Life Shares.  (FAC ¶ 110)

4

5

6

7

> Plaintiffs are informed and believe that Defendants Grady and Michaels were directing the Trustee Defendants to distribute to them personally over $11 million dollars of investors' funds which were supposed to be used to purchase insurance policies and adequately fund reserve accounts held in the Trusts to pay premiums to keep the policies held by the Reliant Trusts from lapsing. (FAC ¶ 116)

8

9

10

> Trustee Defendants knew or should have known that the statements made by Reliant and its principals were false and/or that they were concealing material facts when Defendants Reliant, Grady and Michaels directed the Trustee Defendants to make irregular transactions and when premiums could not be paid. Defendants Reliant….(FAC ¶ 129)

11

12

13

14

15

This failure to distinguish among the "Trustee Defendants" is especially egregious considering Bank of Utah did not become a successor trustee until June 2022—after the allegations of Reliant's principals looting the company had already occurred.

16

17

18

19

This requirement to specifically identify which defendant did what is not only justified by Rule 9, but by Rule 8 as well. *See Hollifiel v. Resolute Cap. Partners Ltd., LLC*, No. 2:22-CV-07885-SB-RAO, 2023 WL 4291524, at *4 (C.D. Cal. May 12, 2023) (Blumenfeld, J., presiding).

20

21

22

23

24

25

This Court in *Hollifiel* held that the plaintiffs' complaint "alleges at a high level numerous acts of collective wrongdoing by groups of Defendants."  2023 WL 4291524 at *4.  The Court held in doing so, the plaintiffs missed the point of Rule 8. "And while Rule 8 does not require the same level of specificity as Rule 9(b), it at least requires allegations that are specific enough for each Defendant to determine which Plaintiffs are alleging which claims against it and for what reason." *Id.*

Accordingly, Plaintiffs' fraud based claims must be dismissed.

26

27

28

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

17

SL_6539558

3.    <u>The Court Should Dismiss Plaintiffs' Civil Conspiracy Claim.</u>

Under California law, civil conspiracy is not an independent cause of action, but rather a theory of liability that holds defendants liable for torts committed by others. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, (1994). To establish a civil conspiracy, the complaint must allege (1) the formation and operation of a conspiracy, (2), the wrongful act or acts pursuant thereto, and (3) damage to the plaintiff resulting from such act or acts. *Id.*

A plaintiff cannot establish an agreement to conspire from mere speculation. *See, e.g., M Seven Sys. Ltd. v. Leap Wireless Int'l, Inc.*, No. 12-CV-1424 CAB (BLM), 2013 WL 12072526, at *4 (S.D. Cal. June 26, 2013) ("Plaintiff is again advised to set forth specific facts that evidence an illegal agreement among the defendants that demonstrates a plausible claim, beyond mere speculation.").  All Plaintiffs have offered is conclusory assertions (FAC ¶ 100-104) that are wholly insufficient to plead an agreement for the purposes civil conspiracy.

Neither can Plaintiffs salvage their claim with their allegations of "aiding and abetting."  (FAC ¶¶ 2, 3, 100, 144-149, 165-166, 171).  The prime distinction between civil conspiracies and aiding-abetting is that a conspiracy involves an agreement to participate in a wrongful activity, whereas aiding-abetting focuses on whether a defendant knowingly gave "substantial assistance" to someone who performed wrongful conduct.  *Halberstam v. Welch,* 705 F.2d 472, 478 (D.C. Cir. 1983). Plaintiffs have not stated any specific facts to establish that Bank of Utah acted knowingly.  *See, e.g.*, (FAC ¶ 129) ("Trustee Defendants knew or should have known that the statements made by Reliant and its principals were false ….")

There is no liability under any aiding and abetting theory.

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

SL_6539558

**C.    Plaintiffs Cannot State an Individual Claim Against Bank of Utah Solely in Its Capacity as Successor Trustee.**

California law is clear that Bank of Utah is not individually liable for the torts of a prior trustee in its capacity as successor trustee. *Stine v. Dell'Osso*, 230 Cal. App. 4th 834, 846 (2014). In analyzing the intent behind Prob. Code, §§ 18000-18005, the California Court of Appeal held that "[W]hy would any competent individual agree to take over as a successor fiduciary if he or she were tarred with and shackled by the malfeasance of a prior fiduciary?" As shown above, Bank of Utah is not individually liable for any torts alleged by Plaintiffs. Per *Stine,* Plaintiffs cannot bootstrap liability for predecessor trustees against Bank of Utah individually.

Plaintiffs' entire FAC as to Bank of Utah individually must be dismissed.

**V.    CONCLUSION**

For the reasons above, Plaintiffs have failed to show how Bank of Utah caused any harm to Plaintiffs. Plaintiffs' FAC does not sufficiently allege negligence or intentional misconduct to trigger individual liability and Bank of Utah clearly executed all trust documents in its limited capacity as trustee. At a minimum, the Court should grant this motion and dismiss the case against Bank of Utah in its individual capacity with prejudice.

Dated:  January 5, 2024              Respectfully submitted,

  */s/ David W. Tufts*
**DENTONS DURHAM JONES PINEGAR, P.C.**
David W. Tufts
Matthew J. Orme

**DENTONS US LLP**
Stephen A. Watkins

Attorneys for Defendant BANK OF UTAH

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

19

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Bank of Utah, certifies that the parties met in person or by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part pursuant to the Standing Order for Civil Cases Assigned to Judge Stanley Blumenfeld, Jr. Section 6(a)(2).

Dated:  January 5, 2024

Respectfully submitted,

_/s/ David W. Tufts_
**DENTONS DURHAM JONES PINEGAR, P.C.**
David W. Tufts
Matthew J. Orme

**DENTONS US LLP**
Stephen A. Watkins

Attorneys for Defendant BANK OF UTAH

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

DEFENDANT BANK OF UTAH'S MEMORANDUM OF POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

SL_6539558