UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REED et al., <br><br> Plaintiffs, <br><br> v. <br><br> RELIANT LIFE SHARES LLC et al., <br><br> Defendants. | Case No. 2:23-cv-08577-SB-AGR <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT [DKT. NO. 200] |

    The only remaining live claims in this long-running case are those alleged on behalf of the estate of Raymond Douglass against Andrew Murphy, a salesman who allegedly sold some of the challenged life insurance investments to Douglass. The estate's trustee now seeks default judgment against Murphy, who was served with the First Amended Complaint (FAC) in the related case of *Gwendalyn Douglass v. Reliant Life Shares LLC*, No. 2:23-CV-00460-SB (C.D. Cal.), before it was consolidated into this action in December 2023. *See* Dkt. No. 39 (order granting consolidation and providing that "[t]o the extent Plaintiffs still wish to pursue claims against . . . Andrew Murphy, those claims should be included in the [consolidated complaint], and they will be deemed as though asserted in *Douglass*"). The Court held a hearing on April 11, 2025, and heard argument from Plaintiff's counsel. Notwithstanding Murphy's failure to appear at the hearing or otherwise in this case, the Court cannot grant the requested default judgment.

I.

    Rule 55(b) permits a district court to order default judgment against a party who has failed to appear and against whom the clerk has entered default, as the clerk did against Murphy in the *Douglass* matter on December 4, 2023. Fed. R. Civ. P. 55(b)(2); *Douglass*, Dkt. No. 96. However, "the decision to enter a default judgment is discretionary." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The Ninth Circuit has identified seven factors that may be

considered when exercising this discretion: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

II.

The Court assumes without deciding that the procedural prerequisites for default judgment have been met here, such that the Court has discretion to enter a default judgment. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (describing procedural requirements). The "starting point" in a court's determination whether to exercise that discretion "is the general rule that default judgments are ordinarily disfavored." *Eitel*, 782 F.2d at 1472. Beyond that general rule, two of the *Eitel* factors here persuade the Court that entry of default judgment would be inappropriate.

First, the sum of money at stake is large. Plaintiff requests an award of more than $7.6 million against Murphy, an individual. Dkt. No. 200 at 4. In *Eitel*, the Ninth Circuit identified the plaintiff's request for "almost $3 million in damages" as one of the reasons for affirming the district court's denial of default judgment. 782 F.2d at 1472. Plaintiff's request for more than double that amount, while not independently sufficient to require denial, weighs against default judgment.[1]

Second, and more significant, the Court cannot conclude that the FAC is sufficiently pleaded to support an award of default judgment. Upon entry of default, the well-pleaded factual allegations in the complaint, except for those concerning damages, are taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6). On the other hand, "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Neuman*, 862 F.2d at 1392 (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)). Thus, "a defendant is not held to admit facts that are not well-pleaded or to admit

---

[1] At the hearing, Plaintiff offered to reduce the request to the actual loss amount of slightly more than $1 million. While that more modest request would mitigate the effect of this factor, the Court still cannot grant default judgment on the FAC for the reasons explained below.

conclusions of law." *Chen v. Urb. Commons 6th Ave Seattle, LLC*, No. 2:21-CV-08866-JLS, 2022 WL 19239758, at *2 (C.D. Cal. July 22, 2022) (quotation omitted). In *Neuman*, the Ninth Circuit reversed a default judgment where the complaint failed to allege sufficiently specific facts to state a claim, notwithstanding that the district court had conducted an "extensive hearing" at which the defaulting defendant appeared to challenge the judgment. 862 F.2d at 1392–93; *see also, e.g.*, *Foster v. Puma N. Am., Inc.*, No. 2:23-CV-09372-FLA, 2024 WL 4404423, at *4 (C.D. Cal. July 18, 2024) (denying motion for default judgment where complaint's allegations were conclusory and not well-pleaded).

The FAC in *Douglass*—the pleading on which Plaintiff seeks default judgment—was filed in state court before removal and alleges 22 causes of action against more than 20 defendants. Dkt. No. 200-6, Ex. A.[2] Plaintiff seeks default judgment based on six causes of action but focuses on Count 14, alleging elder financial abuse. *See* Dkt. No. 200-1 at 21 ("Plaintiff has numerous causes of action but is willing to proceed only with the elder abuse cause of action and dismiss the rest because Plaintiff believes that the elder abuse cause of action is the strongest and highest value cause of action allowed by law."). Count 14 is alleged against "all Defendants" and makes no reference to Murphy whatsoever, instead making global allegations against "Defendants." Dkt. No. 200-6, Ex. A ¶¶ 208–18. The FAC's other causes of action likewise make no allegations specific to Murphy.

This Court has repeatedly cautioned Plaintiff's counsel that similar complaints fail to comply with the basic notice requirements of Rule 8(a). In *Hollifield v. Resolute Capital Partners Ltd.*, the Court identified the same deficiencies in three rounds of pleadings filed by the same counsel, explaining:

> [T]he Proposed TAC continues to fail to properly differentiate among Defendants, which the Court previously advised Plaintiffs violates Rule 8. Dkt. No. 106 at 6 ("Further, the FAC largely fails to distinguish among the 45 named Defendants. Plaintiffs frequently make general statements about 'Defendants' without alleging factual support linking the statement to an action of any specific Defendant."); Dkt. No. 196 at 9 ("Even if the distinctions among Plaintiffs were immaterial, the SAC also violates Rule 8 because it

---

[2] The Court cites to the copy of the FAC filed as an exhibit to Plaintiff's application for default judgment in this action. The FAC was filed in *Douglass* as part of the notice of removal at Dkt. No. 1.

> generally does not identify the specific acts of each Defendant that satisfy the elements of each cause of action alleged against that Defendant."). The Court further emphasized this requirement at the hearing on the motions to dismiss the SAC. The Proposed TAC fails to correct the deficiency and continues to lack allegations linking each Plaintiff to every Defendant against whom he or she brings claims. As a result, each Defendant is left unable to parse the basis of its liability for each claim brought against it. Plaintiffs continue to be under the mistaken impression that treating Defendants collectively satisfies Rule 8. *See* Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (finding that Rule 8 requires "giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it relies") (internal quotation omitted)); *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (Koh, J.) (noting that grouping together many defendants in a broad allegation without identifying the action each defendant took that resulted in the plaintiff's harm fails to satisfy the notice pleading standard).

No. 2:22-CV-07885-SB, 2023 WL 8168831, at *5 (C.D. Cal. Aug. 1, 2023).

Here, too, Plaintiff's sprawling FAC alleging claims collectively against more than 20 defendants does not provide Murphy with adequate notice of the wrongdoing with which he is charged. Plaintiff's global allegations are especially problematic because the FAC itself states that "Defendants are a moving target and Reliant is constantly being reconfigured or is a loose group of people that do their thing, selling what they can through whatever company or Trustee or individuals are available," creating "uncertainty of who is accountable." Dkt. No. 200-6, Ex. A at 2 n.1.

There are only two paragraphs of the FAC that contain any factual allegations about Murphy. One alleges that he "was a salesperson and acted as a high-level employee/agent/manager" and "decision-maker" who "controlled some of the events herein." *Id*. ¶ 22. The other alleges the existence of a photograph showing Douglass with a person "believed to be Defendant ANDREW MURPHY," who is "shown preying on an elderly person by employing improper, unsuitable, and illegal sales tactics," evidently while "obtaining checks for a viatical investment." *Id*. ¶ 82. These vague and conclusory allegations do not provide adequate notice of what illegal conduct Murphy was allegedly

photographed committing, which investments Murphy was involved in selling, what payments he received from Murphy, or when their interactions took place. *Cf. id.* ¶ 83 (alleging that Defendant Paul Roy visited Douglass on June 12 or 13, 2017, brought him lunch and Reliant informational brochures, and received a check for $200,000 that Douglass wrote while pulling his pants down to inject himself with medication).

Because the conclusory allegations lumping Murphy together with all other Defendants are insufficient to state a claim or even to provide notice of the factual basis of Plaintiff's claims against him, granting default judgment—particularly a judgment for millions of dollars—based on the FAC's limited, vague allegations specific to Murphy would be inappropriate. *See Chen*, 2022 WL 19239758, at *3 (denying default judgment based on impermissible group pleading where "aside from a few defendant-specific allegations, Plaintiff brings broad allegations against 'Defendants' without specifying Taylor Woods' involvement in the alleged activities"). Plaintiff's motion for default judgment against Murphy is denied.

III.

The deficiencies in the FAC are obvious, and especially so to Plaintiff's counsel since the Court repeatedly rejected his similar pleadings in *Hollifield* more than 20 months ago. Counsel nevertheless did not attempt to serve Murphy with an amended pleading that gives notice of the claims against him—even after Plaintiffs filed two further amended consolidated complaints in *Reed* that narrowed the trustee's claims against Murphy to five causes of action not alleged against any other defendants and added allegations specific to Murphy. Dkt. Nos. 40, 101.

Indeed, more than a year ago, in March 2024, counsel responded to an order to show cause why Murphy (among others) should not be dismissed without prejudice for lack of prosecution because he had not been served with the latest amended pleading. Counsel relied on the prior entry of default and stated that he did not want to serve Murphy with the amended complaint because doing so "may unnecessarily open up the default":

> Plaintiff's counsel did not feel that service of process on Murphy again was mandated or required, because the claims against him were just moved from the former case to the [present] case. It is hoped that putting Murphy in the SAC did not open the need for service of process on Murphy again, but if this is necessary, Plaintiff will immediately serve him. However, doing that may unnecessarily open

5

up the default, which Plaintiff does not want to do and did not plan to do, unless requested by the court or more guidance provided.

Dkt. No. 112 at 2.

Counsel's statement that the claims against Murphy "were just moved from [*Douglass*] to [*Reed*]" is incorrect: the amended pleadings in *Reed* reduced the claims against Murphy from 22 to 5, alleged those claims only against Murphy (without aggregating him together with other defendants), and added more than 10 pages of factual allegations specific to Murphy. Dkt. No. 40 ¶¶ 179–275; Dkt. No. 101 ¶¶ 292–386. Having thus amended the trustee's claims against Murphy, it is unclear why counsel elected not to serve him with the amended pleadings. To the extent counsel sought judicial "guidance" as to how he should proceed, such a request was improper. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (giving litigant advice "would undermine district judges' role as impartial decisionmakers"); *Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986) (giving litigant advice "would entail the district court's becoming a player in the adversary process rather than remaining its referee"). It is the responsibility of counsel, not courts, to determine how to represent parties' interests effectively.

Notwithstanding these failures, the Court will allow the trustee one final opportunity to pursue the claims against Murphy. At the hearing, counsel requested the opportunity to serve Murphy with an amended pleading that cures the pleading defects identified by the Court. As stated on the record, counsel no later than April 18, 2025 may file a proposed amended pleading—which shall be styled the Third Amended Complaint (TAC), consistent with the numbering of the other pleadings in *Reed*—that alleges only the claims the trustee intends to pursue against Murphy. If it appears that the TAC complies with Rules 8 and 9 and would support entry of a default judgment if Murphy is served with the TAC and again fails to appear, the Court expects to allow amendment and permit the trustee to serve Murphy (which counsel should be prepared to do promptly). Counsel should not expect to be given any further chances. If the proposed TAC is not filed by April 18 or the Court concludes that the amendment still would not cure the pleading defects, the trustee's claims will be dismissed and the case closed.

Date: April 11, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge