UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES REED et al., <br><br> Plaintiffs, <br><br> v. <br><br> RELIANT LIFE SHARES LLC et al., <br><br> Defendants. | Case No. 2:23-cv-08577-SB-AGR <br><br> ORDER TO SHOW CAUSE RE REMAND |

    The Court denied default judgment as to the sole remaining claims in this case—those alleged by Gwendalyn Douglass as trustee of the Raymond E. Douglass Revocable Trust and as successor in interest to Raymond Douglass (the trustee) against Andrew Murphy—because the complaint with which Murphy had been served did not state a claim against Murphy or provide adequate notice of the nature of his alleged wrongdoing. Dkt. No. 204. The Court permitted the trustee one more chance to file a proposed Third Amended Complaint (TAC) limited to her claims against Murphy. *Id*. at 6 ("If it appears that the TAC complies with Rules 8 and 9 and would support entry of a default judgment if Murphy is served with the TAC and again fails to appear, the Court expects to allow amendment and permit the trustee to serve Murphy (which counsel should be prepared to do promptly).").

    The trustee timely filed a proposed TAC that alleges seven state-law claims against Murphy and improves upon the prior pleadings in providing notice of the wrongdoing alleged. Dkt. No. 206. It therefore appears that the trustee should be allowed the opportunity to pursue the claims in the TAC.

    Nevertheless, this Court no longer appears to be the proper forum for her to do so. The trustee originally filed her claims against Murphy (and numerous other defendants) in the Los Angeles County Superior Court in the related case of

*Gwendalyn Douglass v. Reliant Life Shares LLC*, which was removed based on federal-question jurisdiction under Case No. 2:23-CV-00460-SB (C.D. Cal.). *Douglass* was later consolidated into this action (*Reed*), which had been separately removed under the Class Action Fairness Act (CAFA). There are no longer any federal claims or any class claims remaining in this case. The removing defendants—the only parties who invoked federal jurisdiction—have been dismissed. It is not obvious that the trustee, who filed suit in state court, wishes to or would benefit from remaining in federal court, and the sole jurisdictional basis identified in the proposed TAC is that the case was removed based on CAFA. Nor does it appear that the exercise of supplemental jurisdiction over the state-law claims the trustee wishes to pursue remains appropriate. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, it appears that the best way to proceed is to: (1) sever the trustee's claims from the dismissed claims in *Reed* (which would allow entry of final judgment in *Reed*), (2) reopen the *Douglass* action and allow the trustee to file her TAC in that case, and (3) remand *Douglass* so that the trustee can pursue her remaining claims against Murphy in the forum in which she originally filed them. The trustee is ordered to show cause in writing no later than April 22, 2025, why the Court should not proceed in that manner (and if not, why it should retain supplemental jurisdiction). The Court sets a hearing on the order to show cause at 8:30 a.m. on April 25, 2025, which will be automatically vacated if the trustee agrees with the Court's proposed approach.

Date: April 18, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge